## MOSES v. RISDON ET AL.

1. **Municipal Corporations:** POWERS OF CITY COUNCIL: INJUNCTION. Where, in accordance with the vote of a city council, the city entered into a contract for the use of certain rooms for city purposes for twenty years, and undertook to issue scrip to pay therefor in advance, it was *held* that, in the absence of proof of fraud, the court should not interfere to restrain the issuance of the scrip.

2. **Verification:** ABSENCE OF SEAL: PRACTICE. The verification of an answer which, notwithstanding the absence of a seal from the jurat, has been held sufficient by the court below, cannot first be objected to on appeal.

*Appeal from Bremer Circuit Court.*

WEDNESDAY, JUNE 13.

THE plaintiff is a citizen and taxpayer, residing in the city of Waverly. The defendants are the city clerk, mayor, and treasurer of said city. It is alleged in the petition that a joint stock company was organized in said city for the ostensible purpose of building a private hall, to be owned by the stockholders; that certain of the members of the city council are stockholders in said joint stock company; that the city council, including said members who were stockholders in said private corporation, passed an ordinance providing that the mayor of said city should issue scrip to the said hall company

for two thousand dollars, to be used in the erection of the hall to be built by said company. The petition does not state what the consideration for the issuance of the scrip was. It is stated, however, that the issuance of scrip *for the payment of rent* so far in advance, is without authority of law, and in fraud of the rights of plaintiff and other taxpayers of the city. It is further averred that the city council now has suitable rooms for its council meetings, at an annual rental of forty dollars per year, including fuel and lights. It is prayed that a writ of injunction issue restraining the issuance of said scrip.

The petition was presented to Hon. Robert G. Reiniger, Circuit Judge, in vacation, and a temporary injunction was granted. Afterward the defendants filed an answer, sworn to by Hon. H. H. Gray, mayor, in which it is alleged that the said city had no suitable rooms to hold council meetings, transact business, and keep records; that the city entered into a contract with the hall company for suitable rooms, and agreed to pay therefor $2,000 for a period of twenty years, the said sum to be issued in scrip or orders, and given to the hall company, upon the making of a mortgage by the company to the city to secure its contract; that a lease was also made in pursuance of said contract specifying the rooms to be used by the city and its officers, and the manner in which they should be furnished, with proper stipulations to protect the city if said rooms should, during the lease, cease to be tenantable; that said city scrip to be issued is for the express purpose of paying the rent of said rooms for twenty years. The defendants also filed a motion to dissolve the injunction, and filed certain affidavits in support of the motion. The plaintiff filed counter affidavits. The motion to dissolve the injunction was sustained. Plaintiff appeals.

*G. C. Wright*, for appellant.

*D. T. Gibson*, for appellees.

ROTHROCK, J.—I. The petition does not charge actual fraud upon the part of the city council; it charges that the issuance

of the scrip would operate as a fraud upon the rights of the
1. MUNICIPAL plaintiff and other taxpayers.   It is alleged that
corporations:
powers of city the city now has suitable rooms at a rental of
council: in-
junction.    forty dollars per annum.   It is not charged that the
price agreed to be paid is an unreasonable rent for the rooms
contracted for.   The affidavits in support of the answer show
that the rent agreed to be paid is reasonable.   What the
plaintiff seems to complain of is, that the city council could
rent a room or rooms, which he regards as suitable for the
purposes of the city, for less than the contract price for the
rooms rented by the council.

In the absence of actual fraud, courts cannot interfere with
the judgment and discretion of city councils in determining
what are and what are not suitable rooms for the purposes of the
city and its officers.

II.   It is alleged that there was no seal affixed to the jurat
2. VERIFICA-   to the verification of defendants' answer.   It seems
TION: absence to have been regarded as properly verified in the
of seal: prac-
tice.         court below.   The question cannot be raised for
the first time in this court.

AFFIRMED.