The City of Marshalltown v. Forney.

REVERSED.

THE CITY OF MARSHALLTOWN v. FORNEY.

1. **Appeal to Supreme Court:** CERTIFYING EVIDENCE. A certificate of the trial judge that "the above and foregoing evidence is all that was offered, adduced *and* introduced," is sufficient, under section 2742 of the Code, on the appeal of an equitable action.

2. ————: ————: TIME OF CERTIFYING. Under chapter 35, Laws of 1882 the evidence in an equitable action might be certified, for the purposes of an appeal, at any time within the time allowed for taking an appeal, in all cases not submitted to the appellate court at the time when said act took effect.

3. **Cities and Towns:** VACATION OF ALLEY: *ultra vires.* Section 464 of the Code confers upon municipal corporations power to vacate streets and alleys. An act of vacation cannot, therefore, be said to be *ultra vires*, because done for the benefit of a private individual.

4. **Practice in Supreme Court:** MATTERS IN ISSUE ONLY CONSIDERED. Where it was sought to have the vacation of an alley declared void on the ground—the only ground alleged in the petition—that the city had no power to vacate it, *held* that the point, made in argument, that the power of the city had been irregularly exercised, could not be considered.

5. **Cities and Towns:** VACATION OF ALLEY: CONDITION SUBSEQUENT: RULE IN EQUITY. Where the plaintiff city by ordinance vacated the alley in question, upon the condition that the defendant would build upon it and adjoining lots, within a given time, an opera house of certain quality and dimensions, *held* that this was a condition subsequent, the failure to perform which would not justify a court of equity in divesting him of his title to the alley, and compelling the removal of an inferior building erected thereon—the rule being that equity will never aid in the divesting of an estate for the breach of a condition subsequent.

*Appeal from Tama Circuit Court.*

WEDNESDAY, OCTOBER 3.

BLOCK No. 10, in the city of Marshalltown, is composed of twelve lots, of which six front upon a street upon the north, and six front upon Main street upon the south. Through this block an alley runs east and west. Another alley, sixteen and a half feet wide, also extends north and south through the block, between lots 3 and 4 and 9 and 10. The defendant owned two twenty-feet building lots on the west, and one on the east, of this last named alley, said lots having a depth of one hundred and eighty feet. Forney caused to be represented to the city council that he would build a large and commodious opera house, in connection with stores, upon these lots, at a cost of from eighteen to twenty thousand dollars, if the city would vacate the alley and allow him to use it for an entrance way to the opera hall. He also caused to be presented to the council the plan of the ground floor of a building, prepared by one Ellis, an architect, covering his three twenty-feet lots and the alley, and extending back the whole depth of the lots, being seventy-six and a half feet front and one hundred and eighty feet deep, with two store rooms in front, west of the alley, and one east of the alley, and a circular opera room in the rear, with large stage, the entrance to the room being over the alley. This building Ellis represented could be erected for from $18,000 to $20,000. The property owners in block 10 signed a paper, stating that they were in favor of the vacation of the

south half of the alley in said block, for the purpose of erecting an opera house thereon, and entrance thereto, and maintenance thereof. Thereupon, on the twenty-third day of December, 1878, the city council adopted an ordinance as follows:

"An ordinance vacating the alley in the south half of block No. 10, of the original town of Marshall, on conditions:

"Sec. 1. Be it ordained by the city council of the city of Marshalltown, that the alley described as follows, to wit, the alley running north from Main street in the middle of block No. ten (10), of the original town of Marshall, to the alley running east and west through said block, be and the same is hereby vacated, only upon the express conditions hereinafter following and expressed. That Henry Forney, his heirs or assigns, build and erect, within one year and six months from the passage of this ordinance, and maintain forever, an elegant and commodious opera house, of the value of at least $20,000, upon the adjacent lots and on said alley, and shall use said alley for said opera house and for an entrance way thereto, and for no other use or purpose, and shall pay all taxes and charges that may be hereafter assessed against said alley so vacated, municipal or otherwise.

"Sec. 2. This ordinance shall take effect and be in force only after its publication, and written acceptance of Henry Forney of the conditions thereof, filed in the city clerk's office within thirty days of its publication, and upon his failure so to file such acceptance as aforesaid within the said thirty days, then the above vacation and grant shall not become operative to vest any rights or privileges whatever."

The defendant accepted all the conditions of this ordinance on the ninth day of January, 1879. Subsequently the defendant was informed by Mr. Foster, a competent architect, that it would cost $40,000 to erect a building covering the entire depth of the lots, with an opera house in the rear. Finally he adopted a plan fifty-six and one-half feet front

and ninety feet in depth, with two store rooms below and music hall above, the entrance being over the alley. The plans and specifications were left at the mayor's office in Marshalltown for inspection, and he received bids for construction, and they were there ten days before the contract was let. The defendant entered upon the alley and excavated it, in connection with his two lots, for a basement, and has erected thereon a handsome building, at a cost of about $16,000. In the second story he has constructed a large square room, with movable seats, but without parquette and galleries, well adapted for a music hall, but without sufficient staging for an operatic or theatrical performance. The room is, however, so constructed that a commodious stage may be erected over the building adjoining on the east, which the defendant owns. The buidling is also constructed with toothing, so that an opera house can be erected in the rear. The alley, before the passage of the ordinance in question, was muddy and unsightly, and a source of expense to the city. The defendant has constructed a substantial walk along the front of the alley, and has paid taxes thereon for the years 1879 and 1880, upon a valuation of $1,625.

The appearance of the city has been improved by the vacation of the alley and the erection of the building. In September, 1880, the plaintiff commenced an action in equity, alleging that the ordinance was *ultra vires*, that the defendant had failed to erect any opera house whatever, and had failed to erect any structure upon the north fifty-six and one-half by one hundred feet of the lots and alley in question, and praying that the ordinance be declared void, and the premises be decreed to be an alley, and that the excavation and erection thereon be declared to be a nuisance, and the defendant be ordered to remove the same and make the alley passable. The court found that the ordinance in question was *ultra vires* and void from the beginning, and decreed that so much of defendant's building as stands upon the alley in question be removed, and that the alley be made open and

passable for the public, as it was before the erection and excavation made by the defendant. The defendant appeals.

*J. M. Parker* and *Caswell* and *Meeker*, for appellant. ·

*H. E. J. Boardman* and *B. L. Burritt*, for appellee.

DAY, CH. J.—I. The certificate of the trial judge states "that the the above and foregoing evidence is all that was offered, adduced *or* introduced on the trial." The appellee files an amended abstract, in which it is stated that the certificate employs the words, "offered, adduced *and* introduced." The appellant denies the correctness of the amended abstract, and insists that the original abstract is correct. We do not find any transcript on file, and hence have no means of determining the dispute.

*1. APPEAL to supreme court: certifying evidence.*

If it should be conceded that the certificate is in the form claimed by appellee, we think it is sufficient, under the provisions of section 2742 of the Code.

II. It is asserted in the amended abstract that the certificate was not signed during the term at which the cause was tried, nor during the next vacation, and that, therefore, it was not signed in time. It is asserted that the certificate was not signed till the fifth day of December, and was not filed until the eighth day of December, 1881. The decree was entered on the twenty-sixth day of November, 1881, the appeal was taken on the thirteenth day of January, 1882, and the cause was submitted on the twelfth day of ·December, 1882. Section 1, Chapter 35, Laws of 1882, which is a substitute for section 2742 of the Code, provides that the evidence may be certified at any time within the time allowed for the appeal of the cause. Section 2 of the act provides that it shall apply to all causes not already submitted. Under this chapter, the certificate was executed in time.

*2. ——: ——: time of certifying.*

Some other objections are raised in the amended abstract to the certificate, but, so far as they are concerned, the

abstract does not purport to state facts shown by the record, but relies upon facts *dehors* the record. The objections to the certificate are not tenable.

III. It is insisted that the city has not in fact vacated the alley, because it was *ultra vires* to devote an alley to the purpose of an opera house to be owned by an individual. Section 464 of the Code confers upon municipal corporations power to vacate streets and alleys. In *Gray v. The Iowa Land Co.*, 26 Iowa, 387, it was held that a municipal corporation may rightfully and constitutionally order the vacation of a street, and that the vacation puts an end to the fee in the public, as well as the public use. See, also, *Pettingill v. Devin*, 35 Iowa, 344, and *Day et al. v. Schroeder*, 46 Id., 546, for cases in which the right of a municipal corporation to vacate a street was recognized. Now, if the vacation of a street puts an end to the public use, it certainly cannot affect the power of the city to vacate, that the vacation was made for the purpose of devoting the vacated street or alley to a private use. If the power to vacate is otherwise rightfully exercised, and no private rights are injuriously affected, it is not material what object is intended to be promoted by the vacation.

*3. CITIES and towns: vacation of alley: ultra vires.*

IV. It is claimed that the city has not vacated the alley because it has not pursued the method prescribed in section 562 of the Code. It is a sufficient answer to this objection that the relief is not asked in the petition upon this ground. The only allegation in the petition respecting the ordinance is as follows: "Your petition avers that it had no power or right to make said ordinance; the same was *ultra vires* and void from the beginning." This is clearly an allegation of a lack of power in the city to pass the ordinance, and not an allegation that a power possessed by the city had been irregularly or improperly exercised. If any issue had been made as to the regularity of the manner in which the ordinance was passed, it may be that the defendant would have shown that

*4. PRACTICE in supreme court: matters in issue only considered.*

all the provisions upon the subject had been strictly pursued. It clearly does not affirmatively appear that any provisions of the statute were disregarded.

V.   It is claimed that the vacation was upon condition that the defendant erect an opera house, worth not less than $20,000; that he has not erected such an opera house, and that, therefore, the vacation has never taken effect, and the defendant's erection consti- tutes a nuisance.   The conditions mentioned in the ordinance are regarded by appellee as conditions prece- dent.   If the conditions are conditions precedent, then the city was guilty of the folly and insincerity of conferring upon the defendant a right which he could enjoy only upon the performance of a condition which was illegal, and from the performance of which he could at any time have been prevented by injunction.   For, if the ordinance did not vacate the alley, the defendant was guilty of a nuisance, whenever he entered upon the alley for the purpose of erect- ing the building and performing the condition.   The ordi- nance, taken together, can properly be regarded in no other sense than as constituting a vacation of the alley, and con- ferring upon the defendant the right to erect an opera house thereon, subject to the condition that he should forfeit the rights conferred upon him if he should fail, within eighteen months, to erect thereon, and on the adjacent lots, an opera house of the value of at least $20,000.   The condition is a subsequent condition, which, if not performed, operates to defeat vested rights.   Now, it is to be observed that in this case equitable rights are invoked.   "It is a universal rule in equity never to enforce either a penalty or a forfeiture. Therefore, courts of equity will never aid in the divesting of an estate for a breach of covenant, or a condition subsequent, although they will often interfere to prevent the divesting of an estate for a breach of covenant or condition."   2 Story's Equity, § 1319, and authorities cited.   See, also, 4 Kent's Com., 130.   The opinion in the case of *Pacific Railroad*

*5. CITIES and towns: va- cating alley: condition subseqent: rule in equity.*

*Company v. Leavenworth,* 1 Dillon, 393, cited and relied upon by the appellee, is based upon the fact that the ordinance of the city of Leavenworth, and the contract between it and the plaintiff, both authorize the city to resume possession of the street, upon the failure of the plaintiff to perform the stipulated condition. The other authorities cited by appellee upon this branch of the case have no special bearing upon the point now under consideration. Whether the plaintiff might maintain ejectment, or an action at law for damages, is a question which the record does not present. We are clearly of opinion that the plaintiff cannot, in an action in equity, have the defendant's building destroyed as a nuisance.

REVERSED.