OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. H. D. ROGERS, DEFENDANT IN ERROR.

**Upon the** stipulated facts, *Held,* That there is no error in the judgment in the court below.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Colby, Hazlett & Bates (A. J. Poppleton* with them), for plaintiff in error.

*W. H. Ashby,* for defendant in error.

COBB, CH. J.

This cause was submitted to the court below upon an agreed statement of facts as follows:

"It is agreed that the plaintiff was the owner, at the commencement of this suit, of the lot 12, in block 66, in the city of Beatrice, Gage county, state of Nebraska, and if he is entitled to recover damages under the facts and the law, that his damages are one hundred dollars.

"That the defendant has not occupied or built its line of railroad across or upon the said lot so owned by plaintiff, or taken any of said lot for right of way or otherwise.

"That said defendant has occupied and built its road upon the lot against to plaintiff's lot, and occupied all of said lot up to the corner of plaintiff's lot and in the public street and highway of the city of Beatrice, in front of the plaintiff's lot and upon the half of the street next to said lot.

"That the city of Beatrice was and is a town site, entered under the laws of the United States, and was laid out, platted, entered, and occupied under the acts of congress of

the United States in that behalf provided, and the plaintiff's title to said lot is derived by a series of mesne conveyances from the mayor of said city of Beatrice, who entered said town site of which plaintiff's lot is a part, under said laws of congress with the lots, blocks, and streets as they are now platted. That the defendant, by condemnation proceedings, to which the plaintiff was not a party, obtained the right from the city of Beatrice and the owners of the adjacent lots to plaintiff's lot to occupy the said adjacent lots and said street in the manner used and occupied by defendant for the location, construction and operation of its railroad, and that defendant's use and occupation of said adjacent lots and street are proper and necessary in the location, construction, and operation of said railroad.

"That plaintiff's claim for damages against defendant is for the use and occupation by defendant as aforesaid of the lots and street adjacent to the plaintiff's lot, and for damages to his said lot consequent upon the construction and operation of its said road over the lots adjacent and over the half of the street next to said plaintiff's lot."

The cause was tried to the court without the intervention of a jury. There was a judgment for the plaintiff for the sum of one hundred dollars; and defendant brings the case to this court on error.

In the case *The B. & M. Railroad Company v. Reinhackle*, 15 Neb, 279, this court held: "That the authorities of a city have no power to authorize a railroad company to permanently appropriate and obstruct a portion of a street without compensation to such lot owners abutting thereon as are especially injured thereby."

The parties must have had some object in view in submitting their case upon a stipulation of facts, rather than in the ordinary way, by the testimony of witnesses. Bearing that in mind, and reading the stipulation of facts in this case, it must be construed to mean that if the plaintiff was in any case entitled to recover for injuries to his prop-

erty where no part of it was taken or actually occupied by the railroad, then that the recovery in this case might be in his favor, limited in amount to one hundred dollars. It is true that it nowhere appears in the said stipulation that the plaintiff's property was specially damaged by reason of the occupation of the street by the railroad; unless that may be inferred from the following language of the stipulation: "That said defendant has occupied and built its road upon a lot against to plaintiff's lot, and occupied all of said lot up to the corner of plaintiff's lot, and in the public street and highway of the said city of Beatrice in front of the plaintiff's lot and upon the half of the street next to the said lot." But I think a fair construction of this language brings the case within the rule laid down in the case above cited. It must be conceded that the fee to the streets of cities and villages in this state, laid out, platted, and recorded in accordance with the law, is in the corporation of such city or village; and I do not see wherein such title is different in any respect in a city like Beatrice, where the land upon which it is situated was originally obtained from the United States government under the town-site law. Nor do I understand the case of *B. & M. Railroad Co. v. Reinhackle, supra,* to depend at all upon the doctrine of additional servitude, but upon the right of the owner of a lot in a city bounding upon a public street, to have and enjoy a reasonable and unmolested right and privilege of access and use of said street for the legitimate purposes of his property, such as is enjoyed by the community generally. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.