A. E. SPITZER *et al.,* Appellants,v. ALEC RUNYAN, JR., Mayor, AND A. M. ROWE *et al.,* Councilmen of the City of Vinton.

Grant to Railroads: VACATION AND CONDEMNATION. Where a city vacates streets for the purpose of giving the land to a railroad company for depot purposes, in consideration of the company's abolishing certain grade crossings, the action of the city is not invalid because no steps were taken under Code, section 885, 886, declaring the proper proceedings for a city to pursue to condemn or purchase land to donate to a railroad company, the city having the land already, and the grant being made for a consideration.

SAME. Where under Code, section 751, authorizing cities and towns to vacate streets and alleys, a city vacates certain streets and alleys for the purpose of conveying the land to a railro·d company for depot purposes, in consideration of the company's abolishing certain grade crossings by constructing viaduct and subways, the action of the city will not be disturbed; the vacation of the streets being ostensibly for the public good, and there being no fraud charged.

CONSIDERATION. Under Code, section 883, declaring that the city shall have the power to dispose of the title or interest of the corporation in any real estate in such manner as the council shall direct, where a city, by ordinance, has vacated certain streets, it has power to grant land to a railroad company for depot purposes in consideration of the company's doing away with certain grade crossings by putting in viaducts and subways.

*Construction of ordinance.* Where a city vacated streets for the purpose of granting the land to a railroad company for depot pur-

poses in consideration of the company's putting in a viaduct at a certain street crossing. and a subway at another, and a section of the ordinance of vacation declared that the railroad be granted the right to maintain the viaduct, a contention that the ordinance did not obligate the railroad to do anything was without merit, since, whatever contruction should be put on the section, it must be held to relate only to the viaduct, and the city could at any time, require the building of he same.

*Appeal from Benton District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, APRIL 13,1901.

PLAINTIFFS sued out of the district court a writ of *certiorari* to test the validity of an ordinance passed by the city council of the city of Vinton whereby certain streets and alleys were vacated, and the land comprised therein granted to the Burlington, Cedar Rapids & Northern Railway Company for depot purposes. The district court dismissed the petition at plaintiffs' costs, and they appeal.—*Affirmed.*

*Jamison & Smyth* for appellants.

*S. K. Tracy* and *C. Nichols* for appellees.

WATERMAN, J.—Defendant Runyan is the mayor, and the other defendants are the councilmen, of said city. On March 30, 1899, such council unanimously passed an ordinance vacating certain streets and alleys upon conditions to be complied with by the Burlington, Cedar Rapids & Northern Railway Company, which will be further mentioned later on, and granted an easement in the land covered thereby to said railway company for depot purposes. Plaintiffs are the owners of real estate adjacent to, but not abutting upon, the vacated portion of any of said streets or alleys. It seems the railway line is, and has for some time been, in operation through the city of Vinton, crossing a number of streets at grade. The ordinance purports to be inspired by a desire to provide for the safety and

convenience of the inhabitants of the city. It is conditioned upon the railway constructing on one cross street a viaduct over its tracks, and on another a subway beneath the same. Appellants discuss the action of the council on the theory that it is governed by sections 885 and 886 of the Code, and complain that there was no petition signed by a majority of the resident freehold taxpayers of the city requesting such action, nor any vote of the taxpayers in favor of the same, as is required by the last of these sections. But we do not think these provisions have any application to a state of facts such as is presented in this case. They relate solely to the right of cities to purchase land or obtain it by condemnation, in order to donate it to a railway for depot purposes. Here the city does not have to acquire the land. It already owns what it desires to convey, and the grant is made for a consideration. The term of the petition and the provisions for an election, as contained in section 886, are inconsistent with the facts presented in this case, and cannot apply. We must look further, then, for the statutes that govern. Section 751, among other powers given, authorizes cities and towns to vacate streets and alleys. It is said by appellants that this power can be exercised only for some public purpose, and that the purpose here is not public. While the power to vacate is not arbitrary, and may to some extent be controlled by the courts, the cases are exceptional where such interference is authorized. *McLachlan v. Town of Gray,* 105 Iowa, 259. See, also, 2 Dillon, Municipal Corporations, 666. We have held that a city council may divert the ground covered by an alley which is vacated from public to private use by granting it to an individual. *Dempsey v. City of Burlington,* 66 Iowa, 687. Likewise that a city may vacate an alley for the purpose of allowing it to be devoted to private use. *City of Marshalltown v. Forney,* 61 Iowa, 578. We do not feel called upon here to go to the extent of the doctrine announced in these cases in order to decide the issues before us. Osten-

sibly, the vacation and conveyance of the streets and alleys in question were for the public good. Where no fraud is charged, the determination of such a question is within the discretion of the council, and not subject to control by the courts. As to what is a discretionary power, see 1 Dillon, Municipal Corporations, section 98. In matters discretionary, mandamus will not lie. 2 Dillon, Municipal Corporations, section 832. Nor can damages be recovered for a faulty exercise thereof. 2 Dillon, Municipal Corporations, section 949. It is said in this last section, "Such powers are conferred, to be exercised or not as the public interest is deemed to require; and there is no implied liability for deciding either that the public interest does not require action, or that it requires action in a particular way." In *Brewster v. City of Davenport,* 51 Iowa, 427, the council of defendant city had ordered the building of a sidewalk; and this court refused to hear the owner of the property on the question of whether such walk was necessary, saying: "Except for the want of authority or for fraud, the court cannot interfere in the exercise of lawful municipal authority. It is made the duty of the council to determine whether an improvement of this character is demanded by the public. With their determination, when fairly made, in the exercise of competent authority, we cannot interfere." See, also, *Moses v. Risdon,* 46 Iowa, 251; *State v. City of Lyons,* 31 Iowa, 432. If, then, we must accept as valid the vacation of these streets and alleys, the only question remaining is the right of the city to grant the land they covered to the railroad company. Section 883 of the Code settles this matter in defendants' favor. It is therein provided that cities "shall have power also to dispose of the title or interest of such corporation in any real estate * * * owned or held by it, including any street or portion thereof, vacated or discontinued, however acquired or held, in such manner and upon such terms as the council shall direct."

II. But it is urged that the railway company is not bound to anything under the terms of the ordinance. If this

is a proper subject of inquiry—which we do not decide,— we must say we think counsel in error. The ordinance recites that the railway company is to erect a depot and build a viaduct and subway, as already stated. Section 10 then provides that the ordinance is passed on these express conditions, and it shall be of no effect unless they are fully complied with. Section 11 provides for its going into force upon its written acceptance by the railway company. This acceptance has been prepared, but, it seems, has not been filed; but the parties treat the ordinance as effective, and we have done the same. If the acceptance is not filed, there is certainly no ground of complaint on plaintiffs' part. The claim that the railway company is obligated to nothing rests upon or grows out of section 1 of the ordinance, which is as follow: "Section 1. That the Burlington, Cedar Rapids & Northern Railway Company, its successors and assigns, is hereby granted the right to erect and maintain at the intersection of Jay and Railroad streets in the city of Vinton, Iowa, a viaduct, together with all necessary approaches, for the accommodation of the public to use on said Jay street. Plans and specifications for same to be submitted to the city council, and said viaduct not to be constructed until the city council shall approve of same; that a failure to agree upon the plans and specifications for said viaduct shall not affect the operation of this ordinance, only so far as this section is concerned; and provided that said railway company shall hold the city free and harmless from all damages on account of the erection and maintenance thereof, and shall keep the same in good and safe repair." Whatever construction is put upon this section, it must be held to relate only to the viaduct. The obligation to erect the depot and build the subway remains fixed and certain. But we think this condition is not one of release of the railway company. Both parties are impliedly required to act in good faith and, so acting, it is apparent the city can at any time it sees fit require the building of the viaduct. The action of the trial court was correct, and its judgment is.

AFFIRMED.