F. B. HARRINGTON v. IOWA CENTRAL RAILWAY CO., Appellant.

Street obstructions: DAMAGES. Where a railroad embankment obstructs a street affording access to business property which has not been vacated, the owner is entitled to damages for depreciation in the value of his property caused thereby.

Vacation of streets: TITLE. Under Code, section 751, the vacation of a street by a city does not revest the title thereto in the abutting owner, but it remains in the city and may be disposed of for other purposes.

Vacation for railway purposes: DAMAGES. Where a street has been vacated by the city for railway purposes, one whose property has been injured by the construction of the road cannot recover damages of the railway company.

Vacation ordinances: CONSTRUCTION. The provisions of an ordinance intended to vacate portions of certain streets are construed and held sufficient to effect that purpose, although providing that *upon abandonment by the company, the title shall revest in the city.*

*Appeal from Mahaska District Court.—* HON. BYRON W. PRESTON, Judge.

FRIDAY, JANUARY 13, 1905.

ACTION to recover damages to property by reason of the obstruction of a street by the defendant.   Verdict and judgment for plaintiff.   Defendant appeals.— *Reversed.*

*George W. Seevers* and *J. O. Malcolm,* for appellant.

*Davis & Orris* and *McCoy & McCoy,* for appellee.

McCLAIN, J.— Plaintiff's premises, used for manufacturing purposes, front on Second avenue, in the city of Oskaloosa, and are about one hundred and fifty feet distant from

1. STREET OB-
STRUCTIONS:
damages.

Kossuth street, which runs north and south and crosses Second avenue at a right angle.   In 1870 the city granted to the Central Railway Company of Iowa the right to lay its tracks over and along Kossuth street and across any streets or alleys intersecting that street, and this right was exercised and enjoyed by that railroad company and the defendant, its successor in interest, by constructing and maintaining a track along Kossuth street as far south as the intersection of Second avenue, until 1897, when by ordinance Kossuth street, and the portion of Second avenue intersecting it, and portions of other streets were vacated to the defendant, with the provision that when defendant should cease using the streets vacated for railroad purposes all right and title thereto should again become vested in the city, as before the passage of the ordinance.   Thereupon defendant erected an embankment at the intersection of Kossuth street and Second avenue, which, as plaintiff claims, has diminished the value of her premises by cutting off access thereto from the direction of Kossuth street along Second avenue.   No doubt, if Kossuth street and the portion of Second avenue intersecting it had not been vacated, plaintiff, showing special damage by reason of the obstruction of a street affording access to her property used for business purposes, would have the right to recover as damages the depreciation in the value of her property due

to the obstruction of the street, if such obstruction was shown. *Park v. C. & S. W. R. Co.,* 43 Iowa, 436; *Dairy v. Iowa Central R. Co.,* 113 Iowa, 716.

But the city had the right to vacate the portions of the streets referred to (see Code, section 751), and on such vacation the title to the portions of land formerly occupied by the streets did not revest in the abutting owners, but remained in the city, and such portions could be disposed of for other purposes. *Marshalltown v. Forney,* 61 Iowa, 578; *Williams v. Carey,* 73 Iowa, 194; *Burlington Gas Light Co. v. Burlington C. R. & N. R. Co.,* 91 Iowa, 470; *McLachlan v. Town of Gray,* 105 Iowa, 259; *Lake City v. Fulkerson,* 122 Iowa, 569; *Barr v. Oskaloosa,* 45 Iowa, 275; Code, section 883.

2. VACATION OF STREETS: title.

We need not discuss the validity of the ordinance vacating the portions of the streets, for no question of that kind is raised. Plaintiff could, no doubt, have had the action of the city in vacating Kossuth street, and thereby cutting off access to her premises along Second avenue from that direction, reviewed in a proper proceeding, and could have had relief as against the city if it was improper; but she cannot recover against the defendant for the use of the street after its vacation in such way as to merely obstruct travel thereon. *Barr v. Oskaloosa,* 45 Iowa, 275. That a vacated street may be appropriated by the city to railroad or other purposes inconsistent with its further use for public travel has been settled beyond controversy. *Marshalltown v. Forney,* 61 Iowa, 578; *Spitzer v. Runyan,* 113 Iowa, 619.

3. VACATION FOR RAILWAY PURPOSES.

The real contention of counsel for plaintiff seems to be that the ordinance passed in 1897 did not purport to vacate the street, but only to give the defendant the right to use the street for railway purposes; but the language of the title and body of the ordinance is susceptible of no other construction than that the portions of streets referred to therein were vacated and

4. VACATING ORDINANCES: construction.

given to the defendant for its exclusive use.    It seems to us immaterial for present purposes that the fact of vacation and the purposes to which the vacated portions of streets are appropriated is expressed in one sentence.    The language of the enacting clause of the ordinance is that the portions of the streets described " are hereby vacated to the Iowa Central Railway Company," and the purpose and effect of the ordinance is not otherwise stated or explained.    The proviso that the title to the portions of streets vacated shall again become vested in the city when the railway company shall cease to use them for railroad purposes is merely a condition subsequent, and has no bearing in explaining the present purpose and effect of the ordinance.    That which would have been an improper use of the portions of the streets in question had they never been vacated for public use, and would have constituted a nuisance for which plaintiff might recover damages, cannot be the basis of a cause of action against the defendant in view of the fact that such portions of streets are no longer subject to use as parts of public highways.

As we reach the conclusion that plaintiff has made out no cause of action against the defendant, it is unnecessary to discuss the errors relied upon in instructions to the jury as to measure of damages.

The judgment of the trial court is *reversed*.