WILLIS PATRICK, Appellant, v. HAROLD CHENEY et al., Appellees.

No. 44393.

APRIL 4, 1939.

Whitney Gillilland, for appellant.

Genung & Genung, for appellees.

MILLER, J.—This suit involves conflicting claims of title by appellant and appellee to a strip of ground, about four feet in width, lying in what was once platted as a street. The plat is known as the first addition to the town of Emerson, Iowa. It was filed April 17, 1874, by L. W. Tubbs, who then owned the real estate affected thereby. According to the plat, Bradford avenue was sixty feet wide and extends west from Edwards street. Lot 1 of block 9 faces the west side of Edwards street, and lies immediately south of Bradford avenue. Lot 6 of block 4 lies immediately north of Bradford avenue, west of Edwards street.

Appellee owns lot 1 of block 9, and claims title to the south 19 feet of Bradford avenue for the length of said lot 1. Appellant owns the strip of Bradford avenue immediately north of appellee's strip. Appellant claims that appellee's strip is only 15 feet wide and that he owns the north four feet of the south 19 feet of Bradford avenue. Each party prayed for a decree in his favor quieting title to said four-foot strip. The trial court's decree was for appellee. Appellant has appealed therefrom to this court.

The appellant claims that Bradford avenue west of Edwards street was never accepted by the town as a street, was not opened and was not used by the public for travel, and, therefore, the town did not acquire title to the street, so that the original owner Tubbs had the right to convey the fee thereto.

On January 7, 1892, Tubbs did undertake to convey the title to that part of Bradford avenue lying between lot 1 in block 9 and lot 6 in block 4 to one Griffith and one Bruen. On April 9, 1892, Griffith conveyed his interest to Bruen. While Bruen claimed to be the sole owner of the street, he built a fence parallel to and 15 feet north of lot 1, block 9. On October 4, 1898, Bruen conveyed to H. B. Cheney the ''nineteen feet, more or less, of the land lying north of Lot 1, Block 9, up to and including the fence as it now stands.'' Appellee is the devisee of said H. B. Cheney, who died in September 1934. Appellant concedes that appellee now holds whatever title said decedent held to said strip, but claims that, under the above description, appellee's title extends only to the fence, which was but 15 feet north of said lot 1.

On February 12, 1908, Bruen conveyed lot 8, block 9. (ly-

ing west of lot 1, block 9) to one Eaton and also quitclaimed to Eaton all of his interest in Bradford avenue between lot 1, block 9, and lot 6, block 4. On February 23, 1910, Eaton conveyed such property to appellant. Appellant bases his claim to the four-foot strip here in dispute on this conveyance. He also claims title thereto because of acquiescence and adverse possession.

Appellee claims that the deed from Bruen to Cheney conveyed the south 19 feet of Bradford avenue even though the fence was but 15 feet north of lot 1, block 9. Appellee also claims that Bradford avenue was accepted by the town, was opened and used for public travel, so that the town acquired the fee title to said street. Appellee relies upon an ordinance of the town of Emerson adopted May 7, 1901, which vacated Bradford avenue between lot 1, block 9, and lot 6, block 4, and conveyed the north 10 feet of the street to one Coppage (then owner of lot 6), the south 19 feet to H. B. Cheney, and the intervening 31 feet to Bruen. Appellee also introduced in evidence the deed from the town of the south 19 feet of Bradford avenue theretofore vacated by said ordinance. He also claims title to the four-foot strip because of adverse possession.

The evidence introduced on the issue of the dedication, acceptance, opening and use of Bradford avenue by the town prior to its vacation is vague, indefinite and subject to conflicting inferences. If, as appellant claims, the street was not accepted, opened or used by the public, the town did not acquire title to the fee, had nothing to vacate, and had no power to convey the fee to the grantors of appellant and appellee. Brewer v. Claypool, 223 Iowa 1235, 275 N. W. 34. Appellee's claim to the record title of the disputed strip would then be limited to that based upon Bruen's conveyance of "nineteen feet more or less of the land lying north of Lot 1, Block 9, up to and including the fence as it now stands." We are inclined to the view that, since the fence was but 15 feet north of Lot 1, Block 9, the deed conveyed only a 15-foot strip. However, we would still have to determine appellee's claim to the four-foot strip, based on alleged adverse possession.

If, as appellee claims, the street was properly accepted, opened and used by the public, the town acquired title to the street, had authority to vacate it and to convey title to the south 19 feet to appellee's ancestor. Section 751 of the Code of

1897; Walker v. Des Moines, 161 Iowa 215, 142 N. W. 51; Harrington v. Iowa Cent. Ry. Co., 126 Iowa 388, 102 N. W. 139; Spitzer v. Runyan, 113 Iowa 619, 85 N. W. 782; Dempsey v. Burlington, 66 Iowa 687, 24 N. W. 508; Marshalltown v. Forney, 61 Iowa 578, 16 N. W. 740. We would then have to determine appellant's claim to the four-foot strip, based on alleged acquiescence and adverse possession.

Accordingly, no matter what our decision upon the question of the acceptance, opening and public use of the street, the decisive issue is that presented by the claims of acquiescence and adverse possession. As to such claims, the determining factor is the intention of the parties involved.

To illustrate the importance of the intention of the parties on the issue of acquiescence, this court states, in the case of Dwight v. Des Moines, 174 Iowa 178, 183, 156 N. W. 336, 338, as follows:

"Acquiescence must be by both parties to make it a line by acquiescence. Acquiescence is consent inferred from silence—a tacit encouragement. This involves notice or knowledge of the claim of the other party. Acquiescence is where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right."

In defining the intention necessary to constitute adverse possession, this court states, in the case of Griffin v. Brown, 167 Iowa 599, 607, 149 N. W. 833, 836, as follows:

"To acquire title to land under this theory, occupancy alone is not sufficient, even for the statutory period. It must be shown that the possession was taken with the intention to assert title beyond the true boundary line. There must not only be possession, but a claim of a right to the possession up to the point of occupancy; or, in other words, the claim of right to possess must be as broad as the possession. Where the intention in taking possession of a piece of land is to occupy only up to the true line, no occupancy beyond that is adverse; or, in other words, where one takes possession of a piece of land, and claims a right to occupy the same up to the true line only, and by mistake of measurement, or otherwise, takes possession beyond

the true line and occupies it for the statutory period, he acquires no title by such occupancy.''

Both parties introduced evidence tending to show use of the four-foot strip and the performance of acts thereon that were consistent with a claim of possession and ownership thereof. However, the intention expressed by each alleged owner was very different. This is demonstrated by the testimony of appellant, on cross-examination, to wit:

''Mr. Cheney obtained his property some twelve years before I did and I knew that he claimed to own out to the fence and I knew he was claiming 19 feet, I have heard him speak of that.

''Q. And at the time you got this land and alley you did not intend to claim beyond your true boundary line and beyond the boundary line Mr. Cheney was claiming? A. I did not intend to claim his property, no sir.''

There was other evidence to the same effect. It is not necessary to review it in detail. The two parties did not mutually acquiesce in the fence as a true boundary line. Cheney claimed 19 feet north of lot 1, block 9, irrespective of the location of the fence. He claimed both title and possession to the 19 feet. An affidavit to that effect was executed and filed of record. Appellant claimed only to the true line. He did not intend to claim any of Cheney's land.

Were we to hold that Bradford avenue was accepted, opened and used as a street, so that the conveyance by the town to Cheney of the south 19 feet thereof would be valid, we would also hold that appellant has failed to establish his title to the north four feet thereof, based on alleged mutual acquiescence or his alleged adverse possession. On the other hand, were we to hold that Bradford avenue was not accepted, opened or used by the public, and that Bruen's deed to Cheney conveyed only the south 15 feet thereof, we would also hold, on the record as a whole, that Cheney acquired the additional four-foot strip by adverse possession.

Accordingly, appellee was entitled to the relief sought herein. Appellant was not. The trial court so held. Its decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.