FLORENCE P. RAFTERY, appellee, v. MOLLIE J. SAYLES, appellant.

No. 48980.

(Reported in 80 N.W.2d 911)

FEBRUARY 5, 1957.

F. B. Ambrose, of Nevada, and Loth & Melton, of Fort Dodge, for appellant.

Arthur H. Johnson, of Fort Dodge, for appellee.

BLISS, C. J.—Morrison and Duncombe's Addition to the city of Fort Dodge, Iowa, containing Blocks 1 to 16, inclusive, was platted and dedicated in May 1856. Block 2 is 404 feet east and west and 304 feet north and south. Fifteenth Street bounds it on the east. As dedicated and platted, Block 2 contained but four lots of equal dimensions. Lots 1, 2, 3, 4 were respectively to the southeast, northeast, northwest and southwest quarters of the Block. There were no alleys through the Block.

As early as 1887, Louis D. Gunther acquired title to land in the northeast quarter of Lot 2 in Block 2 of aforesaid Addition, and by quitclaim deed signed May 15, 1906, and filed October 25, 1906, he and his wife conveyed to the city of Fort Dodge, for a consideration of one dollar, property thus described: "* * * all our right, title and interest in and to the following described real estate situated in the County of Webster and State of Iowa, towit: The South Ten (10) feet of the East One Hundred and Sixty-four (164) feet of Lot No. Two (2) in Block No. Two (2) in Morrison and Duncombe's Addition to Fort Dodge, Iowa, said ten-foot strip to be used for Alley purposes."

The mayor and council of Fort Dodge at a regular meeting held October 22, 1906, accepted said deed and the land thereby conveyed, by a resolution stating that the acceptance was "for alley purposes", and directing the filing of the deed and a copy of the resolution and proceedings of acceptance in the office of the county recorder. Such recording was effected October 25, 1906, and a certified copy thereof shows that a plat of said Block 2 with the 10-foot by 164-foot strip designated by the word "alley" appears on said public record.

In February 1906 the county auditor subdivided Block 2 into Lots 1 to 15 inclusive.

For a better understanding of the facts we have made and set out below a plat showing Block 2, with its four lots, and also as it was subdivided by the county auditor.

15TH ST.

B 142' 50 10 152' C

68' 1

32' 2 100 5

3D AVE. SOUTH 404 feet

32' 3 Two Alley R 101

32' 4 15 14 One

38' 5 151.5'

39' 6 13 50.5'

62' 7 4TH AVE. SOUTH

50.5' 8 12 101' Four 50.5'

50.5' 9 152' 50.5'

A 14TH ST. D

N

Lots 1 and 2 of the subdivided block are shown in the north-east quarter of the original Block 2, Lot 1, in the northeast corner, having a width of 68 feet, and Lot 2, adjoining it on the west, having a width of 32 feet, making a combined width

of the two lots of 100 feet. Each lot was 142 feet north and south. Defendant's property is the south 50 feet of these two lots, and is 100 feet east and west. It is designated by the letter "S".

Lot 14 of Block 2, as subdivided by the auditor, is in the southeast quarter of the original Block 2. Plaintiff's property is the north 44 feet of the East 101 feet of said Lot 14. It is designated on the plat by the letter "R".

Lot 15 of Block 2, as subdivided, lying between the respective properties of the litigants is the 10-foot by 164-foot strip, conveyed by Gunther to Fort Dodge, supra, the east 100 feet of which only is involved in this suit. The west 64 feet of the original strip is not involved.

After the city of Fort Dodge accepted the deed to the strip from Gunther it did but little with respect to it as a public alley. The defendant put a fence across the strip connecting with the north-south fence on the rear of his lot approximately 100 feet from the entrance of the alley into Fifteenth Street, east of Block 2, thus cutting off the west 64 feet of the strip, which was thereafter sometimes used by neighbors for garden purposes. It was never used by anyone as a public way or alley. Neither did the public ever use the east 100 feet of the strip designated on the plat herein as Lot 15. It was used only in servicing the two residences now owned by appellee and appellant.

Thomas F. Hand acquired title to the property owned by appellee by warranty deed of William H. Fisher and wife March 24, 1909. Mr. Hand died November 25, 1930, devising this lot and all of his property to his sisters, Margaret and Agnes Hand. The latter by quitclaim deed conveyed this property to Margaret, who by quitclaim deed dated October 9, 1939, conveyed it to the appellee, Florence B. Raftery, and James P. Raftery, her husband, as joint tenants. Though the record does not disclose it, the appellee probably became the owner as surviving tenant. Her title is not questioned. She lived a few blocks from this property since 1910 and had intimate knowledge of it. During all times pertinent it was occupied by two tenant families, one occupying the first story and the other the second story.

Appellant and her husband acquired and moved into their property in 1913. Mr. Hand at that time owned the residence

property now owned by appellee. There was no pavement in the alley then. In 1914 Mr. Hand and Mr. Sayles joined in putting a pavement ten feet wide in the alley between the two houses and back far enough so that coal could be hauled in to their houses. The exact length of that pavement is not shown. They shared the cost equally. In 1916 Mr. Sayles bought an automobile and built a garage west of and to the rear of his residence and extended the pavement farther west and then north to the garage. He paid the full expense of this as Mr. Hand did not have a car or garage.

Mrs. Sayles acquired the residence property after Mr. Sayles died in 1934. In 1937 or 1938 she replaced the worn-out paving by adding two feet of it to her lawn on the north side of the alley and putting in an eight-foot pavement on the south part of the alley. The south line of this pavement and of the prior pavement was at all times the north line of the property owned by the appellee and her predecessors in title.

There was at all times considerable bickering between Mrs. Sayles and Mrs. Raftery and the latter's tenants about excess parking of cars in the alley. Both Mrs. Sayles and Mrs. Raftery frequently called on the police for aid. Mrs. Sayles, after frequent visits to the Fort Dodge Council, on December 19, 1950, procured the passage of Ordinance No. 1029, vacating as an alley this 10-foot by 164-foot strip "heretofore deeded to the City of Fort Dodge for an alley", and the ordinance became effective by publication on December 20, 1950. On December 26, 1950, the city of Fort Dodge, for a consideration of ten dollars, by resolution authorized the mayor and the city clerk to execute a quitclaim deed to Mollie J. Sayles conveying to her the said strip of land, described "as the South 10 feet of the East 164 feet of Lot 2, Block 2 in Morrison and Duncombe's Addition, * * * otherwise described as the South 10 feet of Lots 1, 2, 3 and 4 of the Auditor's Subdivision of Block 2 of Morrison and Duncombe's Addition to Fort Dodge, Iowa, * * * which had heretofore been conveyed to the City of Fort Dodge for alley purposes." Such deed, with the council proceedings and a copy of the vacation ordinance, No. 1029, attached, was executed and recorded on December 26, 1950.

4564

After receiving the deed, defendant put a chain with a padlock on it across the entrance of the alley into Fifteenth Street and permitted only those she desired to enter. Plaintiff was not one of these. In April 1951, after the frost was out of the ground, defendant removed the chain and erected the wire fence, in controversy in this litigation, south of the south line of the pavement, which line the parties concede is the north boundary line of plaintiff's property. The fence is south of that line and off the pavement. Plaintiff testified that the fence was a foot within her north lot line. Defendant testified that it was about six inches on plaintiff's lot, for a part of its length at its westerly end is up against a wire fence which plaintiff had previously constructed.

For many years both parties used the alley for ingress to and egress from their respective properties, and in servicing them. Appellant claims nothing in this litigation because of such prior use of the alley. She bases the rights she contends for solely upon the quitclaim deed to her from the city of Fort Dodge. She insists that prior use of the alley, both by herself and Mrs. Raftery, was simply a use consistent with its status as a public alley, the same as the use of all owners of property on all public alleys.

The appellee contends in this court, as she did in the trial court, that the city of Fort Dodge abandoned the alley as a public way, and that her use of the abandoned alley strip over a period of many years was adverse to any claimed right of the city and that she thereby acquired an easement therein by adverse possession or acquiescence, which was not destroyed by the vacation of the alley. We find nothing in the record even tending to sustain or to support such contention. There is no evidence that she ever made any claim that her use of the alley was other or different from that of the defendant or of other users. Neither does the record support the claim of abandonment by the city of Fort Dodge. It is true that the city gave little attention to the alley. But it required little, which is quite true of similar alleys. But when attention was asked for the city responded. When cinders were requested to be put in a low, wet spot in the alley the city complied, as it did when asked to remove therefrom a dead tree. The appellee recognized

the title of the city when she circulated a petition to get signers to join in buying the alley from the city. No one made any use of the alley that was inconsistent with its use as a public alley. The paving of the alley was simply to make it more usable as an alley. When there was excess parking in the alley, both appellee and the appellant called upon the city repeatedly to correct the situation.

The conveyance by the city of Fort Dodge of the vacated alley to the appellant gave her the fee title to it free from the easement claimed by appellee. The district court erred in establishing an easement in the appellee in the vacated alley. It was right in holding that appellee had no title in fee to the vacated alley. The fence in controversy as constructed is upon the appellee's property and should be removed therefrom.

The decree and judgment is reversed and cause is remanded for entry of decree and judgment in accord herewith.—Reversed and remanded.

All JUSTICES concur.