Oscar **PAYNE** and Etta Payne, Appellants (Plaintiffs below),

v.

**CITY OF LARAMIE,** Wyoming, and Daniel W. Thompson and Connie S. Thompson, all of the above-named persons, and all other persons claiming an interest in the subject matter of this action, Appellees (Defendants below).

No. 3271.

Supreme Court of Wyoming.

Jan. 28, 1965.

Hirst & Applegate and Byron Hirst, Cheyenne, for appellants.

Thomas S. Smith, City Atty., and Smith & Stanfield, Laramie, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiffs Oscar Payne and Etta Payne, as owners of premises abutting upon a vacated street lying within the City of Laramie, Wyoming, brought an action seeking among other things to quiet title of an interest claimed in the street. In the action plaintiffs named the City of Laramie, Daniel W. Thompson, and Connie S. Thompson as parties defendant. From an adverse judgment plaintiffs have appealed.

The controversy involves a plat duly recorded on June 7, 1888, and identified as "Downey's Second Addition to the City of Laramie." It is not questioned that the said plat was made and executed in keeping with §§ 34–112—34–126, inclusive, W.S. 1957. The principal statute with which we are concerned is § 34–115, W.S.1957. This section was in full force and effect at the time of the recording of the within plat and provides as follows:

"The acknowledgment and recording of such plat, is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets, or other public use, or is thereon dedicated to charitable, religious or educational purposes."

The premises claimed by plaintiffs were laid out and identified on the plat as that part of "Second Street" immediately adjacent to the east boundary of plaintiffs' property. The record does not show that the premises were ever used or occupied by the city as a street, but in any event early in the year 1961 the city, acting upon a petition signed by affected owners including the plaintiffs and the individual defendants, adopted an ordinance vacating the above-described portion of the street. Upon vacation, the city, purporting further to act under the provisions of § 15–338, W.S.1957, undertook to sell the said premises to Mr. and Mr. Thompson. Evidencing the sale was a quitclaim deed executed and delivered by the city to the Thompsons, conveying all of the city's right, title, and interest in and to the premises. By this action plaintiffs sought to void the transaction.

Turning to the pleadings and stipulations of the parties, we note that initially several issues were raised. However, and notwithstanding the protestations of defendants, it appears from the judgment approved as to form by counsel for all of the parties that at the time of trial the issues in the case were substantially limited. Among other things, the judgment recites:

"* * * the parties with the approval of the Court having agreed to restrict the issues to the validity of the transfer of legal title [to the street] by the City of Laramie to the Defendants Daniel W. Thompson and Connie S. Thompson, * * *"

The one difficulty we find with the statement of the ultimate issue as so presented is what the parties intended and understood the term "legal title" to mean. Such term is somewhat obscure. Solomon v. Walton, 109 Cal.App.2d 381, 241 P.2d 49, 52. We are satisfied, however, from a reading of the judgment as a whole that the term was used as being synonymous with the term "record title," which in turn disclosed an

ownership in the city of an interest in the premises free from palpable defects, which the city could barter and sell in the market place, and we proceed upon that basis. Sheets v. Stiefel, 117 Ind.App. 584, 74 N.E. 2d 921, 924; State ex rel. Haley v. Dilworth, 76 Mont. 218, 246 P. 167, 177, 80 Mont. 102, 258 P. 246, 80 Mont. 111, 258 P. 250; Solomon v. Walton, supra. Thus the sole question before us is whether or not the sale of the premises and transfer of title thereto by the city to defendants Mr. and Mrs. Thompson was a valid transaction.

Reverting to § 34–115, set out above, we had occasion recently in the case of Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne, Wyo., 367 P.2d 787, rehearing denied 369 P.2d 868, to consider those provisions with respect to the effect of the recording of a plat thereunder being "equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets." In that connection we said at 367 P.2d 789:

" * * * It does not indicate, however, who the grantee shall be construed to be, and we would have no basis for reading into it something which is not there. Moreover, the same act of which that section is a part provides for the vacation of all or part of a plat by the proprietors thereof. It then declares in another section, originally ch. 116, § 7, Compiled Laws of Wyoming 1876, and now § 34–120, W.S.1957, that when such a vacation is made 'the proprietors of the lots so vacated may enclose the streets, alleys and public grounds adjoining lots in equal proportions.' This would seem to nullify any thought that the municipal corporation could be construed as a recipient of the fee."

It would generally be supposed that the expression of such a view of the statute by this court would furnish a ready answer to the instant problem; however, defendants are not convinced. They say that the meaning of those provisions was not then

before us for the reason that the dedication involved in the Gay Johnson case was a dedication at common law and the case was disposed of on that basis. It may be conceded that the dedication in Gay Johnson was one at common law and that the dedication here was made pursuant to statutory provisions. Nevertheless, the contention advanced by defendants overlooks the proposition that the discussion of the statute was not volunteered. The statute was advanced by the appellee in that case as supporting a claim that the filing of the plat vested the City of Cheyenne with fee simple title to the premises set apart for the street. The statements made were germane to that contention. Be that as it may, we think no good purpose will be served by pursuing the matter further to determine whether the pronouncement made is controlling or not controlling. As we indicated in York v. North Central Gas Co., 69 Wyo. 98, 237 P.2d 845, 848, even though an interpretation of a statute may have been unnecessary in a particular case, if the reasoning underlying the pronouncement was sound, "we may nevertheless accept it as persuasive insofar as it accords with our view that the statute in question should not be given the * * * meaning contended for * * *. in the case at bar."

In keeping with that concept, we have again carefully reviewed the force and effect of the language employed in § 34–115. However, reconsideration has not brought about a change in result. We remain of the view that a dedication thereunder, absent some other applicable statute, does not vest in a municipality a fee in the premises set apart for streets which upon vacation of the streets can be bartered and sold by the municipality. Perhaps a statement of the reasons for that view is in order.

In considering the matter, it is fitting that we go first to the source of the statutes relating to the platting of a townsite. As mentioned in Thomas v. Jultak, 68 Wyo. 198, 231 P.2d 974, 979, our statutes, adopted in 1876, were taken almost verbatim from

Iowa, and the provision with which we are particularly concerned, § 34–115, is substantially the same as § 637, Code of Iowa, 1851. In 1868, some eight years prior to adoption here, the Iowa Supreme Court in The City of Des Moines v. Hall, 24 Iowa 234, 239, was called upon to construe the meaning of the section. In the initial opinion it was said in substance that the force of the statute was to divest the proprietor of the title to the premises set aside for the street and to vest the same in the public. In essence that is the view this court took of that language in Tissino v. Mavrakis, 67 Wyo. 560, 228 P.2d 106, 115. In neither opinion was anything said concerning the vesting of title in a municipality. However, the Iowa court's opinion as to the streets went on to point out, at 24 Iowa 238, that the statute nevertheless gave to the municipality "the fullest power and control over the same, which can arise from title, in order that all improvement of them as highways might be made without let or hindrance from any quarter." Then on rehearing the court went further. It was then said that statutory dedication under the provisions of § 637 did vest a "fee simple" title to the streets in the municipality. But, even then, the Iowa court did not go as far as we are asked to go. As pointed out in the dissent, at 24 Iowa 248, the majority conceded the possibility of reverter in case the streets should be vacated and conceded "that the city could not sell the streets or any part of them." With these limitations it is apparent that Iowa, at the time our statute was adopted, did not hold that the language employed vested a fee simple absolute to the streets in the municipality. Instead, the interest received was what is sometimes rather loosely described as a qualified, base, or determinable fee. Hilllerege v. City of Scottsbluff, 164 Neb. 560, 83 N.W.2d 76, 84; 26 C.J.S. Dedication § 50, p. 525.

It was not until 1877, in the case of Day v. Schroeder & Lindblom, 46 Iowa 546, that the holding in the Des Moines case was further modified. That case was the forerunner of what became the rule in Iowa that

the municipality upon vacation of a street could dispose of the premises in the same manner and to the same extent as any owner in fee. Raftery v. Sayles, 248 Iowa 423, 80 N.W.2d 911, 915; Patrick v. Cheney, 226 Iowa 853, 285 N.W. 184, 185; Krueger v. Ramsey, 188 Iowa 861, 175 N.W. 1, 2. It will be noted, however, that the decision in Day was influenced in a large measure by a general statute authorizing cities to "discontinue" old streets "and to dispose of the ground thus rendered unnecessary to the public." Section 670, Code of Iowa, 1851. At the time of the dedication in the instant case, Wyoming had no such statute. The only statute applicable, other than the statutes with respect to platting, was a charter provision of the City of Laramie—now Subparagraph Twenty-six of § 15–686, W. S.1957, relating to the powers of the city with respect to streets. This provision simply provided that under certain conditions any "alley or lane" in the discretion of the city council could "be vacated and abandoned by resolution." Nothing was said as to disposition of a vacated street. Consequently, the present Iowa rule is of no assistance to our problem.

 Nevertheless, with respect to the holding in the City of Des Moines case we take a different view. The interpretation of § 637, Code of Iowa, 1851, by the Iowa court that the language "fee simple" did not grant to the municipality the power to make sale of the premises laid out as a street was made prior to the time those provisions were enacted here. Consequently, it is not unreasonable to hold in this respect that § 34–115, W.S.1957, was adopted with that construction placed upon it. Wilson v. Martinez, 76 Wyo. 196, 301 P.2d 785, rehearing denied 307 P.2d 605; Blumenthal v. City of Cheyenne, 64 Wyo. 75, 186 P.2d 556, 570. And in doing so we take no undue liberty with the term "fee simple," generally understood as creating an unconditional interest in the premises described in the grant. The situation here is analogous to a question presented in State ex rel. Cross v. Board of Land Commissioners, 50 Wyo.

181, 58 P.2d 423, 429, rehearing denied 62 P.2d 516, where the statute required the board of land commissioners to convey to a purchaser of State land a "fee simple" title to the "land" purchased. In disposing of the argument that the word "land" was used in the sense of its having "an indefinite extent upward and downward from the surface" we said:

"* * * The word may have that meaning of course, under some circumstances, but it does not always have it. Reason and context play an important part in determining its true significance."

It was on that basis that we were prompted to say in the Gay Johnson case that we would not read into the statute "something which is not there." Furthermore, we are not without some legislative guidance for that view. In 1895 the legislature, by Ch. 80, S.L. of Wyoming, 1895, enacted rather extensive provisions relating to the government of cities of the first class. In § 6 thereof (now § 15–39, W.S.1957) there appears for the first time in any statute the language we are asked to read into § 34–115. With respect to platting an addition to a first class city the statute provided:

"* * * when such map or plat is so made out, acknowledged and certified, and after being approved by the mayor and council, the same shall be filed and recorded in the office of the county clerk of the county, and thereupon such plat shall be equivalent *to a deed in fee simple to said city* from the proprietor, of all streets, avenues, alleys, public squares, parks and commons, and of such portion of the land as is therein set apart for public and city use, * * *." (Emphasis supplied.)

Then § 52(4), S.L. of Wyoming, 1895, since repealed, further provided:

"* * * (That whenever any street, avenue, alley or lane shall be vacated, the same shall remain the property of the city, to be held, controlled and disposed of as other city property)."

Those provisions, of course, were not applicable to the dedication before us. Nevertheless, the language is highly significant. If, as defendants contend, the general statutes with respect to platting accomplished the same result, what purpose was to be served by the enactment of 1895? It will not be presumed that the legislature would enact a statute for no other purpose than to declare what is already "indisputably and confessedly the law." United States v. Douglas-Willan Sartoris Co., 3 Wyo. 287, 22 P. 92, 94. See also Brinegar v. Clark, Wyo., 371 P.2d 62.

Further than this, the view we take is consonant with the view taken of the same statutory provision by the Idaho Supreme Court. Idaho had taken its statute from that of Nebraska, which in turn had been taken from Iowa. The first expression of the Idaho court with respect to the vesting of a fee in a municipality was made in Shaw v. Johnston, 17 Idaho 676, 107 P. 399. The view expressed is informative. Without reference to early Nebraska decisions, which incidentally followed the early Iowa cases in regarding the fee as vested in the municipality—Omaha & R. V. R. Co. v. Rogers, 16 Neb. 117, 19 N.W. 603—the Idaho court said at 107 P. 400–401:

"* * * While the acknowledgment and recording is equivalent to a deed in fee simple, it is not a deed in fee simple, and does not give the public the same right to sell or dispose of the same that a private party has to land for which he holds the title in fee simple. We do not think it would be contended that, if a private owner dedicates a street or a block in a city to public use, the public could convey it to a private party and have the property placed to some other use or purpose than that for which it was originally dedicated."

It was later contended, as here, that the expression was dictum, but it was reaffirmed in Mochel v. Cleveland, 51 Idaho 468, 5 P. 2d 549.

■ Also, our view is in keeping with a generally recognized rule to the effect that where the grant made by the dedication, whether by statute or otherwise, does not provide for the vesting of the fee in a public entity the dedication is analogous to a mere taking by eminent domain where the fee is not taken. Babin v. City of Ashland, 160 Ohio St. 328, 116 N.E.2d 580, 587; Bryant v. Gustafson, 230 Minn. 1, 40 N.W.2d 427, 434. . . .

■ Because of the foregoing, and in answer to the precise question submitted, we have no alternative but to hold that the interest the defendant city acquired in the above-described premises as a result of the dedication under the then existing statutory provisions was, at best, a title in trust for the public, granting to the city the right to hold, use, occupy, and enjoy the premises for public use as a street. Once that right was terminated by vacation pursuant to au-thority delegated to the city by the legislature the city no longer had any title or interest in the premises. It had nothing to sell or to convey. Hence, the individual defendants received nothing by the quitclaim deed.

■ It is suggested by defendants' counsel that this is not so under the provisions of § 15–338, W.S.1957, by which the defendant city is presently governed. With respect to that, we shall not undertake to do more than point out that this statute was not in effect at the time of the dedication here and under no circumstances could it enhance or enlarge the interest the defendant city received by the dedication. Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne, Wyo., 367 P.2d 787, 789, rehearing denied 369 P.2d 863; 11 McQuillin, Municipal Corporations, § 30.-202a, pp. 159–165 (Rev.3d Ed.).

Judgment reversed.