Nash, J.
 

 Upon the return of the mandamus in this case, the defendants through their counsel moved to quash the suit, upon the gi’ound that it appeared on its face that the plaintiff had a full and complete remedy at law, by a suit against the County Trustee for money had and received to his use. The plaintiff had, under a contract made with the commissioners duly appointed by the County Court of Iredell, built a public bridge lor the use of the county, which had been received by the commissioners, and the Court thereafter had made an order that the County Trustee should pay the amount due. This order was presented to the Trustee, but not paid for want of funds. At the next Court, the above order was, by the County Court rescinded, the bridge having in the mean time fallen down. The ground taken by the counsel for the defendants, in his motion to quash the writ, was not correct. The plaintiff could maintain no actionivhatever against the County Trustee. The latter was a public agent, and therefore not answerable personally for any
 
 *435
 
 contracts made by him in that capacity, unless he had bound himself pers mally.
 
 Hite
 
 v.
 
 Goodman,
 
 1 Dev. and Bat. Eq. 364.
 
 Dameron
 
 v
 
 Irwin,
 
 8 Ire. 421. The County Trustee did not in any manner make himself personally answerable for the debt. Nor could he, by promising to pay the order out of the county funds when they came to hand, deprive the County Court of their control over the money. They were themselves but Trustees for the public, and while the money was in the possession ol the county officer, they had entire control over it. The Trustee can pay no money out, but under the order of the Court, and before he had so done, there was no order in existence authorizing him to make the payment.
 

 Judgment affirmed. This opinion will be certified to the Superior Court of Iredell for further proceedings.
 

 Per Curiam. Ordered to be certified accordingly.