GRACE MORRISON, administratrix, *vs.* CITY OF LAWRENCE.

If the record of the proceedings of a city council does not show that a vote by which it raised a committee to celebrate a holiday, and provided that the expense of the celebration should be charged to an appropriation previously made for incidental expenses generally, was taken by yeas and nays in conformity with the St. of 1861, *c.* 165, the city is not responsible to a person wounded by a rocket bought by the committee and negligently fired under their direction in celebrating the holiday.

TORT for injury sustained by the plaintiff's intestate by the negligent firing of a rocket by the defendants' servant.

At the trial, before *Wells*, J., there was evidence that on the evening of July 4, 1866, on the common in Lawrence, a rocket, fired by the city marshal or by a policeman detailed by him, hit the plaintiff's intestate and inflicted a wound from which after some days he died; and that it was fired as part of a display of fireworks in celebration of the holiday, which were procured and fired under the direction of the mayor, who testified that he acted throughout in his official capacity.

By the official records of the city clerk, which were introduced in evidence, it appeared that on June 18, 1866, an order was adopted by both branches of the city council for the appointment of a joint committee " to cause the approaching Fourth of July to be observed in the city with salutes, ringing of bells, music upon the common, and such other manner as they shall deem expedient, and that the expense thereof be charged to the incidental department," and that " the committee have full power;" and in pursuance thereof such committee were appointed with the mayor as their chairman ; that their total expenditure for the celebration, including a bill of three hundred and seventy-six dollars for fireworks, was six hundred and forty-six dollars and twenty-four cents, which was less than one fiftieth of one per centum of the valuation of the city for the same year; and that the bills were approved by the mayor, the auditor and the committee of accounts, and paid out of an incidental fund of up wards of five thousand dollars appropriated by the city council before June 18, " to which expenses generally were charged for which no other appropriation had been made."

But it did not appear by the records that the order of June 18 was passed by a yea and nay vote, nor how many members of the two branches of the city council, present when it was passed, voted for it; and the city clerk testified that he was also clerk of the board of aldermen at the time of its passage, and as matter of recollection knew that it was not passed by a yea and nay vote, and further testified that if it had been so passed the fact would appear of record. The plaintiff offered to show by ora. testimony, that two thirds of each branch did in fact vote for it; and it was agreed that if such testimony was competent it should be taken to have been so proved.

In behalf of the defendants it was contended, among other things, that these facts showed no lawful authority for the city to celebrate the holiday by discharging these fireworks, and so that the plaintiff could not recover against the city; and the judge reported the case for determination by the full court of this with other questions which are now immaterial, the parties agreeing that if on the facts reported the plaintiff could not maintain her action judgment should be entered for the defendants, but if otherwise the case should stand for trial.

*J. G. Abbott & B. Dean,* for the plaintiff, argued, on the point of the record, that the provision of the St. of 1861, *c.* 165, for a yea and nay vote by a city council in appropriating money to celebrate a holiday, is directory only. The right to celebrate the day is given, and the city cannot avail itself of the fact that it did not comply with details, to avoid responsibility to a party injured by the manner in which the corporation did an act within its power; for the plaintiff's intestate had no control over the preliminary proceedings, and could only know that the city had the power, and undertook to exercise it, and in so doing injured him through negligence of its servants. Further, the statute provides only that the appropriation of money to celebrate a holiday shall be made by a yea and nay vote, and here there was no appropriation of money necessarily. And besides, the record being silent, it is to be presumed that the vote was passed with the requisite formality.

*T. H. Sweetser & W. S. Gardner,* for the defendants.

BIGELOW, C. J. A city or town cannot be held liable in damages for the act of a person, unless it appears that the injury was inflicted by a servant or agent of the city or town while engaged in the legitimate exercise of the service or business for which he was employed. Unless this is shown the maxim *respondeat superior* does not apply. *Walcott* v. *Swampscott,* 1 Allen, 101.

The only authority conferred on a city by which it can legally appropriate money to celebrate a holiday is found in St. 1861, *c.* 165. Before the enactment of that statute any appropriation of money for such purpose was illegal. *Hood* v. *Mayor & Aldermen of Lynn,* 1 Allen, 103. The authority given by the statute is a strictly limited one. It can be exercised only in pursuance of a "vote of two thirds of the members of each branch of the city council present and voting by yea and nay vote." There was no competent evidence at the trial of this case that the city of Lawrence had duly exercised any authority under this statute for the celebration of the Fourth of July, when the plaintiff was injured ; or that any one was duly empowered to purchase fireworks in behalf of the city to be used in such celebration. The only competent evidence of any such authority is to be found in the record of the proceedings of the city council kept according to the provisions of law. By the act establishing the city of Lawrence, St. 1853, *c.* 70, §§ 6, 7, 10, it is expressly provided that each board composing the city council shall keep a record of its own proceedings, and that a city clerk shall be chosen who shall be the clerk of the board of aldermen. Parol evidence was inadmissible to prove any acts or proceedings of the city council, or that the record of such proceedings as kept by the clerk was erroneous or defective. *Mayhew* v. *District of Gay Head,* 13 Allen, 129, 134, and cases cited. There was therefore no legal evidence whatever offered by the plaintiff that the defendants had purchased any fireworks or had authorized any person to use them. The acts of the mayor and other officers of the city who undertook to procure them at the expense of the city, were beyond the scope of their official power or duty, and can in no way be held to be the foundation of

charging them in this action. Upon this ground, without determining the question whether the city could be held liable, even if it had appeared that the purchase of the fireworks was duly authorized, the entry must be, in conformity to the agreement of the parties, *Judgment for the defendants.*