## COFFIN *et al.* v. CITY OF PORTLAND.

*(Circuit Court, D. Indiana. September 20, 1890.)*

1. CONDITIONAL CONTRACTS.

Plaintiffs wrote to the mayor of defendant city: "We will take your * * * bonds * * * at par, you to furnish us written opinion of your city attorney as to legality of bonds," etc. *Held,* that the proposition was conditioned on an opinion of the city attorney that the bonds were valid, and therefore the city was not bound by its acceptance.

2. MUNICIPAL CORPORATIONS—ORDINANCES.

Under Rev. St. Ind. 1881, § 3099, requiring that "on the passage or adoption of any by-law, ordinance, or resolution, the yeas and nays shall be taken and entered on the record," the taking of a vote by yeas and nays is a condition precedent to the validity of an ordinance or resolution of a city council.

On Demurrer to Amended Complaint.

*Claypool & Ketcham,* for plaintiffs.

*John W. Smith* and *J. W. Headington*, for defendant.

WOODS, J. This is an action for damages for breach of contract. The plaintiffs, citizens of New York, claim to have made a contract with the defendant, a city of Indiana, whereby the city agreed to issue its bonds for $14,000, which the plaintiffs agreed to take at par; and that, after the contract was made, the city not only failed to perform, but repudiated the agreement, by a rescinding resolution of its common council, and issued and sold the bonds to another party on better terms for the city. If there was a binding contract it is evidenced by the proceedings of the common council, a transcript of which is made an exhibit in the complaint. It shows: That on the 7th day of June, 1886, the common council of the city in regular session "adopted, by a unanimous vote," an ordinance for the issue of 14 bonds of the city, each for $1,000, for the purpose of funding the debt of the municipality at a less rate of interest and paying indebtedness which was about to become due; that afterwards, on the 28th of the same month, at a regular session of the council, "the following proposition, which is on file, but not a matter of record, was presented and accepted:"

"INDIANAPOLIS, IND., June 26, 1886.

"*Hon. J. J. M. La Follette, Mayor Portland, Ind.*—DEAR SIR: We will take your fourteen thousand six per cent. bonds, to be issued under section 3230, Rev. St. 1881, at par, you to furnish us written opinion of your city attorney as to legality of bonds, certified copy of council proceedings and ordinance, certified statement of your city debts, assessed value of your taxables, probable real value, the amount of your debt, and your present (approximate) population.

"Respectfully submitted, COFFIN & STANTON,
"By S. P. SHERRIN."

—That afterwards, on the 12th day of July, 1886, in regular session, the council resolved "that the contract with Coffin and Stanton of the city of New York for the sale of $14,000 worth of city bonds, at par, drawing 6 per cent. interest, and running from 2 to 15 years, be and the same is hereby rescinded, and be it hereby resolved that the proposition of M. Rosenthal to take the same bonds at a premium of 5 per cent. be and is hereby accepted." On the adoption of this resolution the vote is shown to have been taken by yeas and nays.

In behalf of the city it is contended that the proposition of the plaintiffs to take the bonds was not absolute, but upon the condition that the city should furnish them a written opinion of the city attorney as to the validity of the bonds; and that the acceptance of the proposition by the city was impliedly upon the condition that the city attorney should give the required opinion, and that until that was done there was no contract between the parties, but only a negotiation. On the other hand, counsel for the plaintiffs contend that their proposition was not conditional, and that by accepting it the city undertook to furnish the opinion, bound itself to do so, just as it bound itself to furnish a "certified copy of council proceedings and ordinance," a "certified statement of their city debts," "assessed value of taxables," etc.

I think it the clear meaning of the proposition of the plaintiffs that they should have an opinion of the city attorney to the effect that the proposed bonds were valid, and that if an opinion to the contrary had been offered them, with the bonds, they would not have been bound to accept and pay for them. But while the statute (Revision 1881, § 3078) requires the city attorney to "advise the council upon all matters of law which may be submitted to him in reference to the action of such council," the council has no authority to dictate what the opinion in any case shall be, and consequently has no power or right to enter into a contract whereby it will be bound to furnish an opinion of that officer of a prescribed character; and, if this contract requires that interpretation, it is void. It is more reasonable to regard the proposition of the plaintiffs in this respect as being conditional, and the acceptance of it as being upon the same condition. This being so, the plaintiffs of course have no right of action.

The complaint is obnoxious to another objection quite as fatal. The statute (section 3099) requires that "on the passage or adoption of any by-law, ordinance, or resolution, the yeas and nays shall be taken and entered on the record;" and in the case of *City of Logansport* v. *Crockett*, 64 Ind. 319, the supreme court of the state has held this provision to be mandatory. But neither upon the passage of the ordinance for the issue of the bonds nor upon the adoption of the resolution for the acceptance of the plaintiffs' proposition was the vote taken by yeas and nays. If, therefore, the city attorney had given an opinion on the subject, it would doubtless have been to the effect that the ordinance for the issue of the bonds had not been properly passed.

It is to be observed further that the plaintiffs' proposition is dated at Indianapolis, and presumably was sent by mail to the city clerk of Portland. It is not averred in the complaint that the plaintiffs were present in person or by agent when it was accepted by the council, nor is it shown that the plaintiffs had been notified or had knowledge of the acceptance of their proposition before the rescinding resolution was passed, and the bonds were issued and sold to another party: Query, whether, if the proceedings had been in all respects regular, the council had not a right to rescind its action, so long as it had not been communicated or in some way brought to the knowledge of the plaintiffs. See *Gunn's Case*, L. R. 3 Ch. 40. The demurrer is sustained.