STATE EX REL. STRANAHAN, RELATOR, *v.* BOARD OF STATE CANVASSERS ET AL., RESPONDENTS.

(No. 2,130.)

(Submitted January 7, 1905.  Decided February 2, 1905.)

*Mandamus—Abatement—Expiration of Official Term—Judicial Notice.*

Elections—Board of Canvassers—*Mandamus*—Abatement.
    1. *Mandamus* proceedings, instituted against the state treasurer and the attorney general, as a majority of the state board of canvassers, to compel them to reconvene and certify certain votes cast for the relator for the office of district judge, dismissed as abated, where prior to the hearing the terms of such officers had expired, so that they could not perform the mandate of the writ if issued, where their successors had not been given notice of the proceedings and where no demand had been made upon them to perform the duties the performance of which was sought by the writ.
Supreme Court—Judicial Notice—State Officers—*Mandamus*—Terms of Office.
    2. The supreme court will take judicial notice of the fact that on a certain date the persons sought to be coerced into action by *mandamus* were no·longer state treasurer and attorney general, respectively, and that their successors had been elected, qualified and inducted into office.
*Mandamus*—Dismissed as Abated—When.
    3. Where a *mandamus* proceeding has abated because of the expiration of the terms of office of the officials against whom it is directed, it will be dismissed, although the question of abatement has not been raised by counsel on either side.

ORIGINAL petition by F. E. Stranahan for writ of *mandamus* against the board of state canvassers and A. H. Barret and James Donovan, acting members.   Dismissed.

*Mr. F. E. Stranahan, pro se, Mr. T. J. Walsh, Mr. J. E. Healy, Mr. J. B. Roote,* and *Mr. J. E. Davies,* for Relator.

*Mr. C. B. Nolan, Mr. H. G. McIntire, Mr. William Wallace, Jr., Mr. James Donovan,* and *Mr. Alex. Mackel,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This matter is before us upon the petition of the relator for a writ of mandate to compel the state board of canvassers to reconvene for the purpose of computing and certifying to the governor a number of votes alleged to have been cast for him at the last general election for the office of district judge of the twelfth judicial district.   In the affidavit it is stated that A. H. Barret, then the state treasurer, and James Donovan, then the attorney general, constituting a majority of the state board of canvassers—the other member of the board having been absent at the time the board canvassed the returns of the votes cast at the general election for the different state and judicial offices—refused to count and certify the said votes.   The relator prays that this court order the canvassing board to reconvene, and to certify the votes so·cast for him to the governor.

The petition in this case was filed on the 8th day of last December.   The alternative writ issued was returnable on the 10th.   A demurrer to the petition was argued and submitted on the last-named date.   The demurrer and a motion to dismiss, after due consideration, were overruled on the 23d, at which time the respondent was given five days to answer, the answer being filed on the 28th.   On the 3d day of January, 1905, the case was set for hearing on the 6th of that month, and was argued and submitted on the 7th.   Upon submission the respondent was given five days, and the relator three days thereafter, in which to file briefs.   The relator's brief was filed

on the 14th, and the matter was immediately taken up for consideration and determination.  The case was heard as soon as possible, considering the other matters pending before the court, and there was not any suggestion on the part of the relator or anyone that the utmost expedition was not used in bringing the matter to issue and hearing.  At the time when the case was set for hearing, January 3d, neither the said Barret nor the said Donovan was an officer of this state, the successor of each having been elected and inducted into office after qualification, of all of which we take judicial notice.

The suit must abate and be dismissed.  The authorities are somewhat divided as to the question whether or not *mandamus* proceedings abate upon the resignation or termination of the term of the ministerial officer, but we believe that reason and the weight of authority are in support of the position we take. Whether or not the suit may be revived, and the alternative writ directed to the new incumbent or incumbents, it is not necessary for us to decide; but, certainly, in the absence of any notice to a person holding a public office, he may not be required by this court to do something that somebody else has failed to do, or be coerced into action which has never been demanded of him.

Mr. High, in his work on Extraordinary Legal Remedies, second edition, section 441, says that where the officer goes out of office before the determination of the *mandamus* proceeding, and before judgment therein, and the action is not revived against his successor, it is improper for the court to give judgment against him as if he were still in office, and to award a peremptory *mandamus* against both him and his successor in office, since he may properly object that he no longer possesses the power to execute the demands of the writ.

In the case of *Cox, the Secretary of the Interior,* v. *United States ex rel. McGarrahan,* 9 Wall. 298, 19 L. Ed. 579, being in review of *mandamus* proceedings from the supreme court of the District of Columbia, the court said: "Service was made upon O. H. Browning, Secretary of the Interior; but the fact is conceded or not denied that he had resigned and

gone out of office four months before the decision of the court was announced. When he resigned, of course, the suit abated; but the court gave judgment against him as if he were still in office, and decreed that the writ of *mandamus* should be directed to him and to his successor in the office. Complaint may well be made by that party that he no longer possesses the power to execute the commands of the writ, and the present secretary may well complain that he is adjudged to be in default, though he never refused to allow the relator to purchase the land, and that the judgment was rendered against him without notice and without any opportunity to be heard. Notice to the defendant, actual or constructive, is essential to the jurisdiction of all courts; and the better opinion is that a judgment rendered without notice may be shown to be void when brought collaterally before the court as evidence."

In the *Boutwell Case,* 17 Wall. 604, 21 L. Ed. 721, Mr. Justice Strong said: "The office of a writ of *mandamus* is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or in another. It may * * * have arisen from the acceptance of an office which has imposed the duty upon its incumbent. But no matter out of what facts or relations the duty has grown, what the law regards, and what it seeks to enforce by a writ of *mandamus,* is the personal obligation of the individual to whom it addresses the writ. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance, a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right. Hence it is an imperative rule that, previous to making application for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the relator or prosecutor upon the defendant, and it must appear that he refused to comply

with such demand. \* \* \* Thus it is the personal default of the defendant that warrants impetration of the writ, and, if a peremptory *mandamus* be awarded, the costs must fall upon the defendant." Justice Strong further says that "it necessarily follows from this that, on the death or retirement from office of the original defendant, the writ must abate, in the absence of any statutory provision to the contrary," and that the court cannot compel the defendant to perform it after his power to perform has ceased. He adds that, if a successor in office may be substituted, he might be mulcted in costs for the fault of his predecessor, without any delinquency of his own. "Besides, were a demand made upon him, he might discharge the duty and render the interposition of the court unnecessary. At all events, he is not in privity with his predecessor; much less is he his predecessor's personal representative."

We have examined the case of *Thompson* v. *United States,* 103 U. S. 480, 26 L. Ed. 521, which appears to be in conflict with the views expressed in *United States* v. *Boutwell* and *Secretary* v. *McGarrahan, supra,* and agree with Mr. Merrill in his work on *Mandamus,* when he says that it is difficult to reconcile the *Thompson Case* with those of Boutwell and McGarrahan. The court in the *Thompson Case* undertakes to distinguish it from the others, but we confess that we cannot understand how they are distinguishable. We believe that what the court said in the *Boutwell* and *McGarrahan Cases* is correct and supported by law and reason. We cannot find any statute which declares that the suit shall not abate.

The judgment as prayed by the relator, attempting to coerce the ex-officials into action, would be futile, for the reason that they cannot perform official duties, their successors having been inducted into office, and the judgment against the present incumbents would be void, in that they never had notice of any action pending against them.

Although we did consider the case upon its merits, as argued and submitted, and although the point as to abatement of the action was not raised by counsel on either side, nevertheless, the point having occurred to our minds during consultation, it

becomes necessary to order that the alternative writ be quashed, the writ of mandate be denied, and the proceeding dismissed, the suit having abated. There seems to be no alternative. It is so ordered.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied March 1, 1905.