BESSIE P. COOK, Appellee, v. CITY OF INDEPENDENCE, Appellant.

**Municipal corporations:** ADOPTION OF ORDINANCES. The adoption of 1 an ordinance which will support an assessment of abutting property for a public improvement must be by an aye and nay vote of the council and must be entered at length upon the minutes.

**Special assessments:** PRESUMPTION AS TO AUTHORITY. Where the 2 validity of an ordinance under which a special assessment as claimed to have been made was the only issue on an appeal from the action of the council in making the assessment, and the same is held invalid, it will not be presumed in support of the assessment that a resolution authorizing the work was duly adopted.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

MONDAY, MARCH 11, 1907.

FROM the action of the city council of the defendant town in levying an assessment for the construction of a sewer in front of plaintiff's property, plaintiff appealed to the district court. Upon trial in that court the assessment was canceled and set aside, and defendant appeals.— *Affirmed*.

*H. C. Chappell,* for appellant.

*Cook & Leach* and *R. A. Cook,* for appellee.

DEEMER, J.— The proposed improvement was authorized by ordinance, which it is claimed was passed by the city council in July of the year 1900. Claim is made that this ordinance was not legally adopted. The records of the city council show the following with reference thereto:

Council Chamber, Independence, Iowa.
July 11th, 1900.

Roll call: Members all present except Councilmen O'Brien and Blamer. . . . 'A bill for an ordinance to provide for the construction of sewers in the city of Independence, Iowa, to regulate the use of the same and establishing a sewer district,' was then presented and read. Councilman Plane moved that the reading of the bill just read be considered its first reading, which prevailed; each member of the council present having voted aye. Absent, Councilmen O'Brien and Blamer. Councilman Plane moved that the rules be suspended, and the bill read a second time, which prevailed; each member of the council present voting aye. Absent, Councilmen O'Brien and Blamer. Councilman Davison moved that the rules be suspended, and the bill read a third time, which prevailed; each member of the council present having voted aye. Absent, Councilmen O'Brien and Blamer. The bill was then read the third time. The bill was then read by its title, put upon its passage, and its title agreed to; each member of the council present having voted aye. Absent, Councilmen O'Brien and Blamer. . . .

### Exhibit A — An Ordinance.

An ordinance to Provide for the Construction of Sewers in the City of Independence, Iowa, to Regulate the Use of the Same and Establishing a Sewer District.

By section 683 of the Code it is provided that: "On the passage or adoption of every by-law, ordinance, and every

1. MUNICIPAL CORPORATION: adoption of ordinances.

such resolution or order, the yeas and nays shall be called and recorded. No money shall be appropriated except by ordinance." Courts almost universally hold that such requirements are man-

datory, and that in the passage of an ordinance, which is a legislative act, the same formalities are required as in the passage of laws by the Legislature under constitutional directions and limitations. See *Cutler v. Town,* 40 Ark. 105. This question was thoroughly considered by Judge Cooley, in *Steckert v. City,* 22 Mich, 104, and, in a lucid opinion covering the entire subject, the conclusion was reached that such statutes are mandatory, and are not satisfied by a record stating that an ordinance was adopted unanimously on call, and that neither the spirit nor the purpose of the act can be satisfied without entry on the minutes showing who voted on each resolution and how the vote of each was cast; in other words, the ayes and nays on each resolution must be entered at large upon the minutes. The reasoning used by the learned judge is unanswerable. See, also, sustaining the same rule, *Pickton v. City,* 10 N. D. 469 (88 N. W. 90); *Morrison v. City of Lawrence,* 98 Mass. 219. We have adopted the mandatory rule for this State. See *Town v. Meyers,* 55 Iowa, 209; *Laughlin v. City,* 63 Iowa, 652; *Markham v. City,* 122 Iowa, 689.

The case now before us is clearly distinguishable from *Marion Water Company v. City,* 121 Iowa, 306, and *Town of Bayard v. Baker,* 76 Iowa, 221. In the former case the minutes of the meeting showed who were present, that the roll was called, and that the vote was unanimously aye. In the instant case, there is no showing as to who were present, no showing that the roll was called, and no showing that each member in turn voted aye. In the Marion case, the names of those present were given, the roll was called, and, as we held, the equivalent of a statement that each voted aye appeared. In the Baker case, the roll was called, and five members of the council and the mayor voted in favor of the ordinance. True the record did not show that the nays were called; but it did not show that any other members were present, save those who voted in the affirmative; and it was held unnecessary to call for the nays. In the more recent case of

Markham v. City, *supra,* we carefully examined the principle here involved, and concluded that, as to every ordinance acted upon, the yeas and nays should be called and recorded (this in analogy to the rule with reference to legislative assemblies), and that the requirement that the yeas and nays be called and recorded is mandatory.

Counsel for the city do not challenge this rule; but they say that, under the doctrine announced in *Martin v. City of Oskaloosa,* 126 Iowa, 680, no ordinance was necessary, and that we may assume that a resolution was duly passed providing for the work. The answer to this contention is that defendant in its pleadings claimed to have constructed the sewer under the very ordinance we have been considering, and the only issue upon the trial in this connection was the validity of that ordinance. In Martin v. Oskaloosa, there was a resolution duly passed under which the work was done, and the only question there was as to whether or not it could be authorized by resolution. Counsel frankly concede that, if the work was not done under a valid resolution or ordinance, no assessment could properly be levied. If there were any doubt about this, it is cleared up by the authorities we have cited. See, also, *Jacksonville Ry. Co. v. City,* 114 Ill. 562 (2 N. E. 478); *Zalesky v. Cedar Rapids,* 118 Iowa, 714; *Brown v. Denver,* 7 Colo. 305 (3 Pac. 455).

2. SPECIAL ASSESS-MENTS: presumption as to authority.

Under the practical concessions of counsel for the city, as well as the weight of judicial authority upon the proposition, we must hold that the ordinance was not legally adopted.

It follows that the judgment and order must be, and it is, *affirmed.*