STATE EX REL. HALEY, RESPONDENT, v. DILWORTH, COUNTY TREASURER, APPELLANT.

(No. 5,887.)

(Submitted April 12, 1926. Decided April 21, 1926.)

[246 Pac. 167.]

*Irrigation Districts—Claims Against—Revocation of Warrant—Mandamus—Judgment on Pleadings—When Improper.*

Irrigation Districts—Claims Against—Disallowance—Remedy Open to Claimant.
1. An irrigation district is a public corporation the governing body of which is its board of directors, which board in allowing or disallowing a claim against the district does not act in a judicial or *quasi*-judicial capacity, and upon disallowance of a claim the claimant's only remedy lies in the ordinary judicial proceeding.

Judgment on Pleadings—When Improper.
2. Rendition of judgment on the pleadings is improper where the answer of defendant raises a question of fact upon a material issue.

Irrigation Districts—Board Revoking Payment of Warrant—*Mandamus*—Erroneous Judgment on Pleadings.
3. Under the above rule (par. 2) *held*, that where the board of directors of an irrigation district under its general authority to manage and control the affairs of the district, notified the county treasurer, the custodian *ex-officio* of the funds of the district, as it properly could do, not to pay a warrant issued by it in payment of construction work, and the treasurer, in answer to the complaint in *mandamus* proceedings to compel him to do so, alleged that he had been instructed not to pay it, which allegation was denied by the reply, an issue of fact was raised, and the court erred in sustaining plaintiff's motion for judgment on the pleadings.

[1] Waters, 40 **Cyc.**, p. 817, n. 83; p. 820, n. 14; p. 821, n. 15 New. [2, 3] Mandamus, 38 **C. J.**, sec. 261, p. 691, n. 9; Pleading, 31 **Cyc.**, p. 606, n. 25; Waters, 40 **Cyc.**, p. 821, n. 23 New.

*Appeal from District Court, Carbon County; O. F. Goddard, Judge.*

MANDAMUS by the State, on the relation of J. S. Haley, to compel Charlotte Dilworth, County Treasurer, to pay warrant issued to relator by the Red Lodge-Rosebud Irrigation District.

1. See 15 R. C. L. 495.
2. See 21 R. C. L. 594.

From a judgment on the pleadings directing issuance of the writ, defendant appeals. Reversed and remanded.

*Mr. John C. Skinner* and *Mr. Sterling M. Wood,* for Appellant, submitted a brief; *Mr. Wood* argued the cause orally.

*Mr. George W. Pierson,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an appeal from a judgment on the pleadings, rendered and entered on relator's motion directing a peremptory writ of mandate to issue commanding the respondent to pay certain warrants issued to relator by the Red Lodge-Rosebud Irrigation District.

The facts leading up to the issuance of the alternative writ of mandate herein as alleged in this petition therefor, are fully set forth in the opinion in *State ex rel. Red Lodge-Rosebud Irrigation District* v. *District Court,* 75 Mont. 132, 242 Pac. 431, and need not be here repeated.

The respondent filed an answer in response to the alternative writ, in which she undertook to give numerous reasons why judgment should not be rendered directing a peremptory writ to issue against her, among them being (1) that on July 14, 1925, before the presentation of said warrants, she was instructed and ordered by the directors of the Red Lodge-Rosebud Irrigation District not to pay any warrants drawn on the construction fund of said district (the warrants in question being drawn on that fund); and (2) that she had been directed and instructed by the directors of said Red Lodge-Rosebud Irrigation District not to pay said warrants or either of them, and that payment of said warrants and both of them had been stopped by the district and its directors and officers. All the defensive matters set out in the answer were denied by relator's reply thereto, and on this condition of the pleadings the relator's motion for judgment was sustained.

The determination of this appeal does not require a consideration of any of the matters set out in the answer except those above mentioned.

We shall confine our discussion to a very narrow range, [1, 2] keeping in view that the only question presented is whether the court erred in granting relator's motion for a judgment on the pleadings.

"It is well settled in this state that, if there is presented by the pleadings any issue of fact, it constitutes reversible error to order judgment on the pleadings. [Citing cases.] Entry of judgment on the pleadings cannot be sustained unless under the admitted facts the moving party is entitled to judgment without regard to what the findings might be on the facts upon which issue is joined." (*Equity Co-op. Assn. of Roy* v. *Equity Co-op. Mill. Co. of Montana,* 63 Mont. 26, 206 Pac. 349.)

An irrigation district is a public corporation (*Crow Creek Irr. Dist.* v. *Crittenden,* 71 Mont. 66, 227 Pac. 63), and is governed by a board of directors which constitutes its corporate authority, and is charged with the duty of managing and conducting its business affairs (sec. 3964, Rev. Codes 1921). So far as its ordinary business transactions are concerned, they stand upon the same footing as a private individual or the directors of a business corporation similarly situated.

The county treasurer is *ex-officio* the custodian of all the funds belonging to such a district, and, except as to payments on bonds and interest and payments under any 'contract between the district and the United States, can only "pay out such funds upon the order of the board of directors." (Sec. 3977, Rev. Codes 1921.)

In allowing or disallowing a claim against the district, the board of directors does not act in a judicial or *quasi*-judicial capacity. If a claim should be disallowed, the claimant has but one remedy to establish it, and that is by the ordinary judicial proceeding. If a claim is allowed, it is paid by an order upon the county treasurer as custodian of the district funds. This order, sometimes designated a warrant, is merely a direction to the custodian to pay the specified sum, and in

effect amounts to nothing more than would a bank check upon the district's depositary, if its funds were handled in that manner; it is merely a device for properly drawing money from the custodian or depositary. There is no statute conferring any special characteristics upon these orders or warrants. So long as the money of the district remains in the possession of the county treasurer as its custodian, the directors have complete control of it. It is subject to their order, with the exception above noted. The treasurer is a mere disbursing officer. The money being subject to the order of the board of directors, and the warrant issued against it not having any of the characteristics of an adjudication of the rights of the parties to the same, we can perceive no reason that would preclude the directors from revoking or rescinding the same under their general authority to manage and control the business and affairs of the district.

In the case before us, the respondent's answer to the alter- [3] native writ expressly stated that she had been directed not to pay the two warrants held by the relator, and that payment of them had been stopped by the district. If this were true, if the power which had ordered her to pay the money had rescinded the order, her right to pay it ceased, and this would be a complete defense to relator's application for a writ of mandate to compel her to pay.

We direct attention to the fact that the order and direction of the district stopping payment of the warrants in question, set forth in the respondent's answer, and to which reference is now being made, is not the one contained in a certain resolution by the board of directors of the district, dated October 5, 1925, and which is referred to in *State ex rel. Red Lodge-Rosebud Irrigation District* v. *District Court, supra.*

Since the respondent's answer raised a question of fact upon a material point, the court erred in sustaining the motion for judgment on the pleadings. The conclusion above announced finds support in the following cases: *State ex rel. First National Bank of York* v. *Cook, Treas.,* 43 Neb. 318, 61 N. W. 693; *Murphy* v. *Reeder, Township Treasurer,* 56 Mich. 505, 23

N. W. 197; *Harrison County* v. *Ogden,* 165 Iowa, 325, 145 N. W. 681; *Tucker* v. *Justices,* 35 N. C. 434; *People* v. *Klokke,* 92 Ill. 134; *Abernathy* v. *Phifer,* 84 N. C. 711; *People* v. *Supervisors,* 33 Mich. 497; *Van Akin* v. *Dunn,* 117 Mich. 421, 75 N. W. 938; *Fletcher* v. *Renfro,* 56 Ga. 674.

The judgment is reversed, and the cause remanded to the district court for further proceedings.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

Rehearing denied, May 12, 1926.