STATE EX REL. HALEY, APPELLANT, *v.* DILWORTH, COUNTY
TREASURER, RESPONDENT.

(No. 6,119.)

(Submitted June 4, 1927.  Decided July 18, 1927.)

[258 Pac. 250.]

*Mandamus—County Treasurer—Irrigation Districts—Payment
of Warrant Stopped by Board of Directors—Defense to
Action—Supplemental Answer—Filing at Time of Trial
Permissible—Evidence—Parties—Substitution of Successor of
Defendant Officer on Appeal—When not Permissible.*

Mandamus—Irrigation District Warrants—Payment Stopped by Board
—Incompetent Testimony.
    1.  In an action to compel, by mandamus, payment of a warrant
issued by an irrigation district, in which the treasurer defended on
the ground that payment had been stopped by the district, in the
absence of prior proof that the district through its board of
directors had taken such action, testimony by its attorney that
he had told the defendant not to cash the warrant was incom-
petent.

Same—Payment of Warrant Stopped by Board of Directors—Supple-
mental Answer Showing Action of Board—Permission to File at
Time of Trial Held Proper.
    2.  Permission granted defendant treasurer at the trial of a man-
damus proceeding to compel payment of an irrigation district
warrant to file a supplemental answer to show that after the
issuance of the alternative writ the board of directors of the dis-
trict had passed a resolution stopping payment of the warrant,
*held* proper, such action with knowledge thereof in defendant, if
proven, constituting a complete defense to the issuance of a per-
emptory writ.

Same—Irrigation Districts—Board of Directors—Manner of Voting—
Minute Entry Sole Evidence Admissible.
    3.  The provision of section 3964, Revised Codes of 1921, that all
orders and resolutions of the board of directors of an irrigation
district must be passed by a yea and nay vote entered upon its
records is mandatory; and under such a requirement, making the
recording of minutes imperative, the record is the only evidence
admissible to show how the vote was taken and may not be
added to or varied by oral testimony.

Same—Payment of Warrant Stopped by Board—Proper Exclusion of
Testimony.
    4.  Where the only defense urged to an action in mandamus to
compel payment of an irrigation district warrant was that the

---

3.  See 23 R. C. L. 160.

board of directors had stopped payment, offered proof by relator that it had not been issued by mistake was properly excluded.

Same—Office and Officers—Appeal—Substitution of Successor of Defendant—Refusal in Absence of Notice to Substituted Party.

5. Where, pending appeal in an action in mandamus against a public officer, defendant's term of office expired, his successor in office may not be substituted by the supreme court on motion of plaintiff reciting that such successor had been notified that such motion would be made; to bring about substitution, the successor must have been notified of the pendency of the suit with a demand that he perform the duty sought to be performed by his predecessor.

[1]    Mandamus, 38 C. J., sec. 672, p. 916, n. 66.
[2]    Mandamus, 38 C. J., sec. 634, p. 904, n. 56.
[3]    Evidence, 22 C. J., sec. 1296, p. 1013, n. 59; sec. 1421, p. 1083, n. 59.    Waters, 40 Cyc., p. 821, n. 23 New.
[4]    Mandamus, 38 C. J., sec. 672, p. 916, n. 66.
[5]    Mandamus, 38 C. J., sec. 559, p. 856, n. 27; sec. 566, p. 859, n. 90.

*Appeal from District Court, Carbon County; O. F. Goddard, Judge.*

PROCEEDING by the State, on the relation of J. S. Haley, for mandamus directed to Charlotte Dilworth, Treasurer of Carbon County. From a judgment for respondent, relator appeals. Reversed and remanded.

*Mr. George W. Pierson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Sterling M. Wood,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Relator instituted this proceeding to compel the respondent to make payment of a warrant for the sum of $3,034.92, issued and delivered to him by the Red Lodge-Rosebud irrigation district on October 21, 1925.

The parties to this proceeding, the irrigation district and the contract under which the warrant was issued, are the same as those involved in case No. 6118, *State ex rel. Haley* v. *Dilworth,* ante, p. 102, 258 Pac. 246. By reference to the opin-

ion in that case, and *State ex rel. Haley* v. *Dilworth,* 76 Mont. 218, 246 Pac. 167, and *State ex rel. Red Lodge-Rosebud Irr. Dist.* v. *District Court,* 75 Mont. 132, 242 Pac. 431, all the details giving rise to the controversy between the parties will be sufficiently disclosed.

In brief, the facts are that the Red Lodge-Rosebud Irrigation District is a public corporation created under the laws of the state. The respondent was county treasurer of Carbon county in which the irrigation district is located, and as such the custodian of its construction fund. Relator Haley had a contract with the irrigation district, dated April 28, 1922, for the performance of certain work, payment for which was to be made out of that fund. In conformity with the provisions of the contract he presented to the irrigation district his estimate for work performed during a certain period prior to July 31, 1925, accompanied by the proper certificates from the engineer of the irrigation district and the approval of the Public Service Commission. Thereupon the warrant in question was issued to him as payment therefor. On presentation of this warrant to the respondent she refused to pay it, although she had sufficient money in the construction fund with which to pay the same. These facts were set forth with particularity in the relator's petition for a writ of mandate filed in the district court, and upon this petition an alternative writ was issued commanding the respondent to pay said warrant or to show cause why she had not done so. To this petition respondent filed an answer in which, as an affirmative defense, she alleged that prior to the institution of the proceeding the irrigation district had directed and ordered her not to pay the warrant set out in the petition and had rescinded the same and stopped payment thereon. The answer set out other defensive matters, but as no proof of the same was offered at the trial it is not necessary to refer to them.

After a trial of the issues the district court denied the relator's application for the writ; judgment in favor of re-

spondent was rendered and entered from which the relator has prosecuted this appeal.

The material facts alleged in the relator's petition as above [1] set forth (except respondent's reasons for nonpayment of the warrant) were established by admissions contained in the answer, uncontradicted evidence introduced at the trial, and stipulations of counsel entered in the record. The only defense made by respondent was that payment of the warrant had been stopped and that she had been directed and ordered by the irrigation district not to pay the same. To establish this defense the attorney for the irrigation district was called as a witness and, over objections of relator, was permitted to testify that when he learned this warrant had been issued, as such attorney, he told respondent not to cash it, and he further said: "Prior to that time, why, we told her not to cash any warrants drawn on the construction fund. She had been notified not to cash any warrants." The basis of the objection to this testimony and a subsequent motion to strike the same was that it was incompetent in that it did not purport to be based upon any action of the board of directors of the irrigation district. The objection to this testimony was well grounded and should have been sustained, and the subsequent motion to strike it should have been granted.

The attorney for the district as such had no authority to undo the act of the board of directors of the irrigation district in issuing the warrant. The only authority which could stop payment of the warrant was that which had issued it; viz., the irrigation district itself, acting through its board of directors. It was not shown that when these statements were made to respondent by the attorney, any such action had been taken by the irrigation district.

At the trial, over the objections of the relator, the court [2] permitted the respondent to file a supplemental answer setting up a resolution alleged to have been passed at a meeting of the board of directors of the irrigation district held

[80 Mont. 111.]

on May 15, 1926, the original answer to the writ having been filed on April 21, 1926. This resolution is as follows:

"Resolution.

"Be it resolved by the board of directors of Red Lodge-Rosebud irrigation district, in meeting duly assembled:

"First. That payment of all outstanding and unpaid warrants of the district issued to J. S. Haley, contractor, under the agreement with the district dated April 28, 1922, is stopped and that the treasurer of the county of Carbon, state of Montana, shall be, and she is hereby, directed not to pay any of said warrants.

"Second. That the proceedings of the board upon July 14, 1925, in stopping the payment of two of the said warrants, and directing the treasurer not to pay them, are ratified, approved, and confirmed in their entirety.

"Third. That the action of the individual members of the board, or some of them, heretofore taken, and of Mr. John G. Skinner as the attorney for the board, in directing the treasurer of Carbon county, Montana, not to pay any unpaid warrants issued to J. S. Haley, Esquire, is hereby ratified, approved, and confirmed as the action of the said district.

"Attest: LUIE J. HYEM, Secretary."

The second and third paragraphs of this resolution refer to matters not connected with this proceeding.

This action of the court is assigned as error, but the assignment is not well grounded. The irrigation district was not a party to this action, and the mere institution of the proceeding did not deprive it of authority to control the disposition of its funds.

In *State ex rel. Sharp* v. *Weeks,* 93 Mo. 499, 6 S. W. 266, it is said: "It is well settled that facts which ought to forbid the doing of a certain thing required to be done by the alternative writ may arise after the issuance of such writ, and be as successfully pleaded, as though they had arisen

prior to the issuance of such writ." (See, also, High on Extra-ordinary Remedies, 3d ed., sec. 475.)

If at the trial respondent had established the allegations of this supplemental answer by showing that the resolution pleaded had been duly and regularly adopted by the irrigation district, it would have shown that the district had stopped payment of the warrant in question, and this, coupled with notice of that fact to the respondent, would have been a complete defense to · the issuance of a peremptory writ. (*State ex rel. Haley* v. *Dilworth,* 76 Mont. 218, 246 Pac. 167.)

Section 3964, Revised Codes 1921, enumerating the powers **[3]** of the board of directors of an irrigation district, amongst other things, provides: "All orders and resolutions shall be passed or adopted by a * * * yea and nay vote, to be entered upon the records of the board." As pointed out in case No. 6118, *State ex rel. Haley* v. *Dilworth,* ante, p. 102, 258 Pac. 246, these requirements are mandatory.

To sustain the contention that payment of the warrant in question had been stopped and she had been directed not to pay the same, respondent called as a witness the secretary of the irrigation district, who identified the minutes of a meeting of the directors held on May 15, 1926, and from them read into the record the resolution set out in the supplemental answer, whereupon the following occurred upon the direct examination of this witness by counsel for the respondent:

"Q. When you vote upon resolutions, how do you vote? What do you do, hold up your hands?

"Mr. Pierson: We object to that as irrelevant and immaterial.

"The Court: I think that is relevant. What about this particular resolution?

"Q. All right, then, on this particular resolution, the one that you say was adopted May 15, 1926, how did the members vote on that resolution? A. 'Yes.'

"Q. They all voted 'Yes,' did they? A. Yes.

"Mr. Pierson: The question was answered. I am too late. If the court will permit the answer to be stricken, I would like to object.

"The Court: Yes; strike the answer.

"Mr. Pierson: We object to the question, for the reason that it is incompetent and not the best evidence; that the record under the law must be in writing, and only the written evidence is admissible.

"The Court: The objection is overruled.

"Q. Now, you answer 'Yes'? A. Yes, sir.'·

The admission of oral testimony showing the vote of the board of directors on the adoption of this resolution was erroneous. The general rule is that under statutes which make the recording of minutes imperative, parol evidence is inadmissible to add to them. Section 3964, supra, provides that on the adoption of an order or resolution the vote must be taken in a certain definite and prescribed way and a record made thereof, and clearly contemplates that the record shall be the only evidence thereof. As said in *People ex rel. Greenwood* v. *Board of Supervisors of Madison County,* 125 Ill. 334, 17 N. E. 802: "Where the law requires records to be kept, they are the only lawful evidence of the action to which they refer, and such record cannot be contradicted or supplemented by parol. The whole policy of the law would be defeated if they could rest partly in writing and partly in parol. (*Stevenson* v. *Bay City,* 26 Mich. 44; *Hall* v. *People,* 21 Id. 456; *Morrison* v. *City of Lawrence,* 98 Mass. 219; *Hanneman* v. *Fire District,* 37 Vt. 40; *Mayhew* v. *District of Gay Head,* 13 Allen [Mass.], 129.)'' Other cases to the same effect are *Steckert* v. *East Saginaw,* 22 Mich. 104; *Coffin* v. *Portland* (C. C.), 43 Fed. 411; *Cutler* v. *Russellville,* 40 Ark. 105; *Los Angeles Gas Co.* v. *Toberman,* 61 Cal. 199; *Cook* v. *Independence,* 133 Iowa, 582, 110 N. W. 1029; *Payne* v. *Ryan,* 79 Neb. 414, 112 N. W. 599.

Relator's petition alleged that in making up the estimate
[4]  for which the warrant was drawn, all deductions pro-
vided for under the terms of the contract had been made, and
that after making the same there was due and owing to him
the amount for which the warrant was drawn.  When proof
of this allegation was offered, with relator on the stand as
a witness, counsel for respondent stipulated that any penalties
provided for in the contract had been deducted.  The relator
was then asked if the irrigation district was making any other
claims against him.  An objection to this question was sus-
tained by the court.  Counsel then offered to prove by the
relator that no other claims were being made against him,
which offer was denied.  This ruling is assigned as error.
In his brief counsel stated that the purpose of this offered
testimony was to establish the fact that the warrant had not
been issued by reason of any error.

The ruling of the court in this matter was correct.  The
respondent had made no contention that the warrant was
erroneously issued.  The only defense relied upon, as above
pointed out, was that payment of the warrant had been
stopped and that she had been directed by the irrigation
district not to pay the same.

The other matters argued in the relator's brief are suffi-
ciently covered by the opinion in case No. 6118, and what
is there said need not be repeated here.

At the date of the hearing of this appeal, June 4, 1927,
[5]  counsel for relator filed a written motion reading as fol-
lows: "Comes now J. S. Haley, the above-named relator, and
moves the court that C. A. Nordstrom, treasurer of the county
of Carbon, state of Montana, be made a respondent with
Charlotte Dilworth, for the reason that the term of office of
said Charlotte Dilworth has expired and C. A. Nordstrom
is her successor in office," accompanied by a notice addressed
to said Nordstrom that said motion would be presented to the
court on the calling of said cause on the fourth day of June,

1927, and also an affidavit of counsel for relator that a copy of the same had been mailed to Nordstrom, at Red Lodge, Montana, by relator's counsel on June 1, 1927, from Billings, Montana.

This motion is now resisted by counsel for respondent, and it is insisted that the successor in office of the present respondent may not be brought into this proceeding, for the reason that the same abated upon the expiration of the term of office of Charlotte Dilworth, and in support of this contention reliance is placed upon the case of *State ex rel. Stranahan* v. *Board of State Canvassers,* 32 Mont. 13, 4 Ann. Cas. 73, 79 Pac. 402.

The motion to make Nordstrom a party respondent with the present respondent cannot be sustained. Our attention has not been directed to any authority, and we have not found any, which would warrant such a joinder of respondents.

We do not, however, desire to be understood as stating that under proper proceedings the successor in office of the respondent, Dilworth, cannot be brought in as a respondent in this proceeding. In the *Stranahan Case* the only matter presented to the court for its consideration was whether the members of a board, whose term of office had expired, could be compelled by writ of mandate to reassemble and canvass certain votes, and the court very properly said: "The judgment as prayed by the relator, attempting to coerce the ex-officials into action, would be futile, for the reason that they cannot perform official duties, their successors having been inducted into office, and the judgment against the present incumbents would be void, in that they never had notice of any action pending against them." In a preceding portion of the opinion there is a clear intimation that the action can proceed against the successor of one who held a public office upon the expiration of his term, provided he has received notice of the pendency of the same and that demand has been

made upon him for the performance of the duty which it was sought to require the original respondent to perform.

When this case goes back to the district court for further proceedings, as it must under the conclusions which have been announced above, if the relator shall serve notice upon the present incumbent of the office of county treasurer of Carbon county of the pendency of this action and shall demand of him the payment of the warrant in question, and he shall refuse to pay the same, a proper case will be presented for his substitution as respondent in this proceeding, and the court upon application therefor must order the substitution.

The judgment is reversed and the cause remanded to the district court for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.