STATE EX REL. HALEY, APPELLANT, *v.* DILWORTH, COUNTY TREASURER, RESPONDENT.

(No. 6,118.)

(Submitted June 4, 1927. Decided July 18, 1927.)

[258 Pac. 246.]

*Mandamus—Irrigation Districts—Disposition of Funds of District—Powers of Board of Directors—Manner of Voting—Record—Appeal—Implied Findings.*

Mandamus—Appeal—Implied Findings.
1. Where the trial court in a mandamus proceeding did not make special findings of fact every finding necessary to support the judgment will be implied on appeal.

Appeal from Judgment—Trial Without Jury—Evidence—Insufficiency—Extent of Burden Resting on Appellant.
2. On appeal from the judgment in an action tried by the court without a jury the appellant has the burden of showing that the record will not sustain the conclusion reached upon any admissible theory, and a judgment in an action at law so tried will not be

---

1. See 26 R. C. L. 1088.
2. See 2 R. C. L. 204.

reversed for insufficiency of the evidence if there is any sub-
stantial evidence to support it.

Irrigation Districts—Board of Directors—Manner of Voting—Entry in
Minutes—What Sufficient.

3.   The provision of section 3964, Revised Codes 1921, mandatory
in character, that all orders and resolutions of the board of di-
rectors of an irrigation district shall be passed by a yea and nay
vote, to be entered upon its records, *held* sufficiently complied with
by an entry in its minutes that "all" had voted "yea" on the
matter of stopping payment on a warrant issued to a contractor,
thus indicating that every one of the three directors had so voted.

Same—Mandamus—Board Stopping Payment of Warrant—Notice of
Resolution in Defendant Treasurer—Evidence—Sufficiency.

4.   In an action to compel a county treasurer acting as ex-officio
treasurer of an irrigation district by mandamus to pay a district
warrant, the court's finding that defendant had received notice of
a resolution of the board of directors stopping payment *held* sus-
tained by evidence that the attorney of the district in the pres-
ence of the directors had advised the treasurer verbally of the
board's action.

Same—Public Corporations—Powers of Board of Directors—Disposi-
tion of Funds of District.

5.   Under the rule that a public corporation, such as an irrigation
district has no power other than such as is expressly conferred by
statute or necessarily implied therefrom, *held* that such a district in
the deposit and disbursement of its funds must follow the mode
indicated by sections 3977 and 3986, Revised Codes of 1921, and
has no authority to place such funds in trust for the benefit of a
contractor in the so-called construction fund; hence the contention
that after funds have been placed in the construction or trust
fund the directors are without power to stop payment and the
treasurer may by mandamus be compelled to pay it over to the
contractor has no merit. .

[1]   Appeal and Error, 4 C. J., sec. 2728, p. 778, n. 75, p. 779, n. 78.
[2]   Appeal and Error, 4 C. J., sec. 2662, p. 732, n. 86; sec. 2853,
p. 878, n. 82.   Mandamus, 38 C. J., sec. 749, p. 948, n. 58, 59.
[3]   All, 2 C. J., p. 1134, n. 36, 46, p. 1138, n. 4.   Waters, 40 Cyc.,
p. 821, n. 17, 23 New.
[4]   Mandamus, 38 C. J., sec. 673, p. 917, n. 73.
[5]   Counties, 15 C. J., sec. 315, p. 608, n. 78.   Mandamus, 38 C. J.,
sec. 749, p. 948, n. 54.   Municipal Corporations, 43 C. J., sec. 187,
p. 189, n. 24.   Waters, 40 Cyc., p. 817, n. 83, p. 821, n. 18 New, 23 New.

*Appeal from District Court, Carbon County; O. F. God-
dard, Judge.*

PROCEEDING by the State, on the relation of J. S. Haley,
for mandamus directed to Charlotte Dilworth, Treasurer of
the County of Carbon. From a judgment for respondent,
relator appeals. Affirmed.

5.   See 19 R. C. L. 768.

*Mr. George W. Pierson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Sterling M. Wood,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an appeal from a judgment in favor of respondent upon the relator's application for a writ of mandate to require her to make payment of two warrants issued and delivered to him by the Red Lodge-Rosebud irrigation district.

The cause was heretofore before this court (*State ex rel. Haley* v. *Dilworth,* 76 Mont. 218, 246 Pac. 167), upon an appeal from a judgment rendered on the pleadings. On that appeal it was decided, contrary to the ruling of the district court, that the respondent's answer to relator's petition for a writ of mandate stated facts sufficient to constitute a defense, for which reason the judgment was reversed. In that connection the court said: "The respondent's answer to the alternative writ expressly stated that she had been directed not to pay the two warrants held by the relator, and that payment of them had been stopped by the district. If this were true, if the power which had ordered her to pay the money had rescinded the order, her right to pay it ceased, and this would be a complete defense to relator's application for a writ of mandate to compel her to pay." When the cause went back to the district court for trial, it was presented on the same pleadings that were before the court on the first appeal, with the exception of minor amendments to the petition or affidavit, which are wholly immaterial upon the question now involved, and with the further exception that respondent filed a supplemental answer setting up certain matters alleged to have transpired subsequent to the institution of the proceeding. We do not consider this supplemental answer and the proceedings taken in connection therewith of any present materiality,

and therefore shall consider the case as though it had not been filed.

The facts in the case are fully set forth in the opinion on the former appeal and the related case of *State ex rel. Red Lodge-Rosebud Irr. Dist.* v. *District Court,* 75 Mont. 132, 242 Pac. 431, and it is not necessary to encumber this opinion by repeating them here. From the facts above adverted to it is disclosed that the Red Lodge-Rosebud irrigation district is a public corporation created under the laws of this state; that the respondent was the county treasurer of Carbon county, in which said irrigation district is located, and as such was the custodian of all its funds and particularly of its construction fund, and that relator Haley had a contract, dated April 28, 1922, for certain work, payment for which was to be made from said fund; that on July 14, 1925, the district issued to Haley the two warrants in controversy. On the trial of the action in the district court the respondent relied solely upon the portion of her answer particularly discussed on the first appeal, viz., that she had been directed and instructed by the district not to pay said warrants and that payment of the same had been stopped. The cause was tried before the court without a jury and was decided in favor of respondent. From the judgment entered against him the relator has appealed.

The trial court was not requested to and did not make any [1] special findings of fact; therefore, under the rule which prevails in this state, every finding necessary to support the judgment will be implied. (*State ex rel. Case* v. *Bolles,* 74 Mont. 54, 238 Pac. 586; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.) We must therefore presume that the court found in favor of the respondent upon her contention that the district had directed and instructed her not to pay the warrants in question and that payment of the same had been stopped.

It is also the settled rule in this state that on an appeal [2] from the judgment in an action tried by the court the appellant has the burden of showing that the record will not

sustain the conclusion of the court upon any admissible theory, and that a judgment in an action at law so tried will not be reversed for insufficiency of the evidence if there is any substantial evidence to support it. (*State ex rel. Urton* v. *American Bank & Trust Co.*, 75 Mont. 369, 243 Pac. 1093.)

The evidence introduced at the trial disclosed that the two warrants in question were issued and delivered to relator at a meeting of the board of directors of the irrigation district held on July 14, 1925, and that immediately upon directing the issuance of the warrants the meeting was adjourned. The evidence further tended to establish that on the same day a further meeting of the board of directors of the irrigation district was held, the minutes of which are as follows:

"The board reconvened in session upon July 14, 1925, after the proceedings recorded on this page. It then appearing to the board that J. S. Haley was violating the arrangement under which the above-mentioned warrants were issued and delivered to him, and that the members of the board, acting individually and informally, therefore have directed the county treasurer not to pay the warrants, the board then resolved, all the directors voting 'Aye,' that the county treasurer shall be, and is hereby, directed not to pay the two warrants held by Haley, and that payment of these warrants is stopped. The meeting then adjourned.

"LOUIE J. HYEM, Secretary.

"Approved: A. F. BOGGIO, President."

The "proceedings recorded on this page," referred to in the foregoing minutes, were the minutes of the meeting of the board at which the warrants in question were authorized. There is some controversy in the testimony as to whether the resolution referred to in the foregoing minutes was in fact adopted at a meeting of the board of directors; that is, from the contradictory statements of the witnesses testifying, it would be possible to draw the conclusion that a meeting of the directors of the Red Lodge-Rosebud irrigation district was

not held as recited therein, and a finding to that effect would not have been disturbed on an appeal like this. On the other hand, there is evidence in the record from which a conclusion might be reached that such a meeting was held and such a resolution was adopted. Under the rules above announced, the court's implied finding that such a meeting was held and the resolution adopted cannot be disturbed.

Counsel for relator contends that even if adopted, the reso-
[3] lution as shown in the minutes is invalid and does not show a legal, corporate act, for the reason that it does not show that the yeas and nays were taken upon the vote for its adoption.

Section 3964, Revised Codes of 1921, in enumerating the powers of the board of directors of an irrigation district, provides, among other things: "All orders and resolutions shall be passed or adopted by a majority of directors by a yea and nay vote, to be entered upon the records of the board." The requirements of this statute are mandatory. (*Pickton* v. *City of Fargo*, 10 N. D. 469, 88 N. W. 90; *Cook* v. *Independence*, 133 Iowa, 582, 110 N. W. 1029; *Madison* v. *Daley* (C. C.), 58 Fed. 751; *Steckert* v. *City of East Saginaw*, 22 Mich. 104.)

As shown by the decree establishing it, the board of directors of the Red Lodge-Rosebud irrigation district consists of three members. The minutes above set out recite, "The board then resolved, all the directors voting aye," etc. The word "all" is of such uniform use and generally understood meaning that it seems unnecessary to define it. But in Webster's New International Dictionary it is said to mean "the whole number of," and in *State* v. *Maine Central*, 66 Me. 488, it is used as synonymous with "every one." So giving the word "all" its real meaning, the recital in the minutes quoted indicates that the whole number, or every one, of the directors voted "aye" on the resolution.

The case of *Steckert* v. *City of East Saginaw,* supra, is many times cited and quoted from in the decisions of other states. The opinion was by Judge Cooley, and he said that the object of a yea and nay vote was to make each member of the voting body feel the responsibility of his action when voting and to make such a record that it should not afterwards be open to dispute. In applying the rule to the facts in the case under consideration the learned jurist said: "If the record in the present case shows precisely who voted for the resolution in question, it is apparent that the object of the statute has been fulfilled, and we may be able to sustain the action, notwithstanding the compliance with its provisions has not been exactly literal."

Since the minutes of the meeting of the board of directors of the irrigation district above quoted show that the whole number, or every one, of its directors voted "aye" upon the matter of the adoption of the resolution, we feel constrained to hold that the "object of the statute has been fulfilled," although "compliance with its provisions has not been exactly literal," and that the resolution was duly and legally adopted.

The record does not disclose that a copy of this resolution [4] was delivered to the respondent at any time. It is shown, however, that when the relator presented the warrants to her for payment she notified him that she had been told by Skinner, attorney for the district, who was acting under instructions from the board of directors, to refuse payment of the same, that this information was imparted to her by Skinner at her office in the presence of at least two, and possibly all three, of the directors, and, according to Skinner's version, this was after the board of directors had acted upon the matter of stopping payment. These circumstances were sufficient to justify the court in finding that notice of the action of the board of directors in directing the respondent not to pay the warrants in question, and that payment thereof

had been stopped, had been given to her and that her refusal to pay the same was justified.

Counsel for relator next advances the argument, as we [5] gather it, that under the terms of the contract between the relator and the irrigation district the construction fund was in reality deposited with the county treasurer in trust for him and that, irrespective of the action of the board of directors in issuing and stopping payment on the warrants in question, the treasurer should be required by mandamus to turn over to him the amount shown to be due by the engineer's estimates.

The contract involved provides that the same shall not be in effect until an amount equal to the contract price shall have been deposited with the county treasurer ''for the purpose of paying and with which to pay said contract price  *  *  * to be paid out by the county treasurer according to the laws of the state of Montana and said specifications. Said order or warrant on said treasurer shall be accompanied by estimate or certificate of engineer's estimate,'' etc.

Section 3977, Revised Codes of 1921, designates the county treasurer of the county wherein the office of an irrigation district is located as the custodian of all funds belonging to the district, and provides that (with exceptions not here material) he shall pay out said funds upon the order of the board of directors and that, when such orders are for the payment of money for construction work, they shall be accompanied by and attached to the written estimate of the district engineer. Section 3986 provides that no money shall be drawn from the construction fund except as specifically provided in the Act. Under the statutory provisions relative to the deposit of its funds with the county treasurer and the method by which they may be disbursed, an irrigation district has no power to place them in trust for the benefit of third persons or to disburse them in any manner except that prescribed.

A public corporation in this state has no power to act unless its authority to do so is conferred by a statute or necessarily implied therefrom. (*State ex rel. Billings* v. *Gas Co.,* 55 Mont. 102, 173 Pac. 799; *State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 20 Ann. Cas. 239, 106 Pac. 695.) Therefore, even if the parties to this contract attempted thereby to establish a trust of the fund in question with the relator as beneficiary, the attempted arrangement would be invalid for want of power on the part of the irrigation district.

Some of the relator's assignments of error are not specifically covered by the foregoing discussion, but in view of the conclusion at which we have arrived, we do not deem it necessary to consider them.

At the time of the argument of this case a motion was made to make C. A. Nordstrom, alleged to be successor of the respondent in the office of county treasurer, a party respondent herein. In view of the conclusion reached, it is not necessary to consider this motion on its merits, and the same is overruled pro forma.

Since, as pointed out on the first appeal in this case, the respondent was the mere custodian of the funds of the irrigation district which could only be paid out on warrants issued by the board of directors of said district, and the district had authority to stop payment on said warrants after they were issued, and it appearing in this case that such action had been taken by the irrigation district and notice thereof given to the respondent, her right to. make payment of the same ceased. Therefore the judgment of the lower court refusing to issue a writ of mandate in the action is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.